TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00470-CR







Dennis Martin, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT


NO. 2012001, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Dennis Martin guilty of aggravated robbery. See Tex. Pen.
Code Ann. § 29.03 (West 2003). After finding that appellant had a previous felony conviction, the
jury assessed his punishment at imprisonment for forty-eight years. In his only point of error,
appellant contends the trial court erroneously introduced hearsay evidence during the punishment
phase of trial. We will affirm.

The State's first punishment witness was Deputy Toby Cross, an expert fingerprint
examiner. Cross testified that he had taken appellant's fingerprints that morning. Using these prints,
Cross identified the defendant's thumb print on State's exhibit 17 as being appellant's. Exhibit 17
was a copy of the docket sheet from the 299th District Court of Travis County, bearing cause number
985533 and containing a notation that the defendant in that cause, Dennis Don Martin, had been
convicted of aggravated assault on June 4, 1999. Cause number 985533 was the previous conviction
alleged for enhancement. The State then offered in evidence its exhibit 19, a certified copy of the
judgment of conviction in cause number 985533. This judgment reflects that Dennis Martin was
convicted of aggravated robbery on June 4, 1999, in the 299th District Court and sentenced to two
years in prison. The judge's signature on the judgment matches the signature on the docket sheet.

The State later called Austin police officer Timothy Vineyard. Vineyard testified that
he was dispatched to the scene of a stabbing on August 29, 1998. Based on information received
from witnesses, he arrested a man at the scene who identified himself as Dennis Martin. Martin,
who had blood on his hands and clothes, told the officer that he had acted in self-defense. Vineyard
found a bloody buck knife at the scene of the assault.

Vineyard testified outside the jury's presence that appellant appeared to be the Dennis
Martin he arrested on August 29, 1988, but that he was not certain in that identification. He said that
a comparison of appellant's fingerprints with the fingerprints on the booking record would determine
appellant's identity with certainty. After the jury returned to the courtroom, Vineyard identified
State's exhibit 22 as the booking record prepared on August 29, 1998, when the Dennis Martin he
arrested for assault was booked into jail. Deputy Cross was recalled and identified the fingerprints
on the booking sheet as being appellant's.

Appellant contends that the information contained in the booking record was hearsay,
and that the court erred in admitting the exhibit as a business record because the proper predicate was
not laid. See Tex. R. Evid. 803(6). The State responds that appellant did not preserve this
contention for review and that, in any event, no error is shown.

It is clear from the record that both the prosecutor and the trial court understood
appellant to be making a hearsay objection to the admission of the booking record. We hold that the
alleged error was preserved for review. See Tex. R. Evid. 103(a)(1).

Vineyard testified that it was the regular practice of the police department to make
a record of every person booked into jail, that the information contained in booking records is
entered by a person with knowledge, and that booking records are kept in the regular course of the
police department's activities. See Tex. R. Evid. 803(6). Appellant concedes that Vineyard's
testimony contained the necessary predicate for admission pursuant to rule 803(6), but he urges that
Vineyard was not competent to sponsor the exhibit because he was not the records custodian. Rule
803(6) provides, however, that the predicate for admission may be laid by the custodian or other
qualified witness. Vineyard testified that he had been a police officer for seven years and was
familiar with the booking process. The trial court did not abuse its discretion by concluding that
Vineyard was qualified to lay the predicate for admission of exhibit 22 as a business record. See
Osborn v. State, 92 S.W.3d 531, 537-38 (Tex. Crim. App. 2002) (admissibility of evidence is within
trial court's discretion).

We also hold that any error in the admission of exhibit 22 was harmless. See Tex.
R. App. P. 44.2(b). Exhibit 22 was not necessary to prove the enhancement allegation. Exhibits 17
(the docket sheet) and 19 ( the judgment of conviction), together with Cross's fingerprint testimony,
were sufficient to prove the fact of appellant's previous felony conviction in cause number 985533. 
The booking record was admitted only to prove that appellant was the person who committed the
assault described by Officer Vineyard. That fact was also proved by exhibit 19, the judgment of
conviction in cause number 985533. The judgment recites that the aggravated assault for which
appellant was convicted was committed on August 29, 1998, and that a deadly weapon, a buck knife,
was used in the commission of the offense. These details, plus the identity of names, establish that
the offense for which appellant was convicted in cause number 985533 was the August 29, 1998,
assault described by Vineyard and this is sufficient to identify appellant as the Dennis Martin
arrested by the officer.

The point of error is overruled and the judgment of conviction is affirmed.



 __________________________________________

 Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: October 7, 2004

Do Not Publish