NUMBER 13-04-016-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ADAN GARCIA AKA ADAM GARCIA,                                 Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 105th District Court
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Memorandum Opinion by Justice Rodriguez

         A jury found appellant, Adan Garcia aka Adam Garcia, guilty on all three counts
of a re-indictment which alleged he committed murder, aggravated assault, and
retaliation. The jury, having found that Garcia had been previously convicted of a
felony, assessed his punishment at life in prison for murder, seventy-five years in
prison for aggravated assault, and twenty years in prison for retaliation. The trial court
has certified that this is not a plea bargain case and Garcia has the right of appeal. 
See Tex. R. App. P. 25.2. By two points of error, Garcia complains that the trial court
abused its discretion in admitting lay witness opinion testimony and autopsy
photographs into evidence. We affirm.
I. Background
         As this is a memorandum opinion and because all issues of law presented by
this case are well settled and the parties are familiar with the facts, we will not recite
the law and the facts here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Analysis
A. Opinion Testimony
         By his first point of error, Garcia contends that the trial court erred in allowing
Fred Davis, Jr., one of the State's witnesses, to give opinion testimony as to whether
it was necessary for Garcia to use deadly force to protect his brother because the
requirements of Texas Rule of Evidence 701 were not met. See Tex. R. Evid. 701
(providing that opinion of lay witness may be offered if based on perception of that
person and helpful to a clear understanding of his testimony or determination of fact
in issue); Osbourn v. State, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002). Garcia
argues this is an ultimate issue of fact to be decided by the jury. But see Tex. R. Evid.
704 (setting out that testimony in form of opinion is not objectionable because it
embraces an ultimate issue to be decided by trier of fact). Garcia also complains that
the error urged was not harmless because it had a substantial and injurious effect or
influence in determining the jury's verdict. See Tex. R. App. P. 44.2(b); King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997). However, Davis personally observed
the fight and Garcia's use of deadly force, and the testimony was helpful to the jury
in determining a fact in issue, specifically whether it was necessary for appellant to
use deadly force in defense of his brother.


 Therefore, we cannot conclude the trial
court abused its discretion in admitting the testimony about which Garcia now
complains. Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001) (holding
abuse of discretion standard applies to review of trial court's admission of evidence). 
Moreover, in light of the overwhelming evidence of guilt, as well as the admission of
similar testimony without objection,


 error, if any, was harmless. See Tex. R. App. P.
44.2(b). We overrule Garcia's first point of error.
B. Admission of Autopsy PhotographsIn his second point of error, Garcia contends the trial court erred in admitting a
close-up autopsy photograph of the victim's face and two autopsy photographs
depicting a gash that was not a stab wound. Garcia complains that the photographs
were admitted in violation of rule 403, and, therefore, we should find the trial court
erred in failing to exclude the evidence. See Tex. R. Evid. 403 (providing "[a]lthough
relevant, evidence may be excluded if its probative value is substantially outweighed
by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by
considerations of undue delay, or needless presentation of cumulative evidence").
         The admissibility of photographs over a challenge is within the sound discretion
of the trial court. Rojas v. State, 986 S.W.2d 241, 249 (Tex. Crim. App. 1998);
Montgomery v. State, 810 S.W.2d 372, 378-80 (Tex. Crim. App. 1990) (op. on
rehr'g). The trial court's decision will be reversed only if it was "outside the zone of
reasonable disagreement." Narvaiz v. State, 840 S.W.2d 415, 429 (Tex. Crim. App.
1992); Montgomery, 310 S.W.2d at 380. We employ the following four-prong test
in reviewing a trial court's evidentiary ruling under rule 403: (1) the probative value
of the evidence; (2) the potential to impress the jury in some irrational, yet indelible,
way; (3) the time needed to develop the evidence; and (4) the proponent's need for
the evidence. Erazo v. State, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004);
Montgomery, 810 S.W.2d at 389-90. In the context of the admission of photographs,
we also consider the following factors: (1) the number of photographs; (2) their size;
(3) whether they are in color or black and white; (4) whether they are gruesome; (5)
whether the body depicted is clothed or naked; and (6) whether the body has been
altered by autopsy. Erazo, 144 S.W.3d at 489.

         In this case, appellant complains of three of the five autopsy photographs
admitted into evidence in conjunction with the testimony of William Kirksey, the crime
scene technician. Kirksey identified the victim from one of the photographs and the
various wounds depicted in the remaining four photographs. The medical examiner,
Ray Fernandez, M.D., also referred to the photographs as he described the stab
wounds and testified that the cause of death was a stab wound to the chest that
caused a large amount of blood loss into the chest cavity. Dr. Fernandez also
explained that the large incision in the photographs was made by hospital personnel
during a medical intervention. Although the photographs were shown on a screen,
they were in black and white, limited in number, and except for the incision made by
hospital personnel, assisted the jury in visualizing the wounds suffered by the victim
for whose death Garcia was on trial; therefore, we conclude the photographs were
probative in that they assisted in proving the death of the victim. See id. The
photographs did not appeal only to the jury's emotional side thereby encouraging the
jurors to make a decision on an emotional basis and not on the basis of the other
relevant evidence introduced at trial.


 See id. Additionally, the State took little time
before the jury to lay the foundation for the photographs, to introduce them into
evidence through the testimony of the crime scene technician and to utilize them in
developing the medical examiner's testimony regarding the cause of death. See id. 
Finally, although the State could have identified the victim through other means, and
although the fact that the victim died from a stab wound inflicted by Garcia was not
in dispute, the State had the burden to prove all elements of the crime. The strength
of the other evidence, including the remaining autopsy photographs, to establish the
manner of death was not as strong without the photographs about which Garcia now
complains. See id. Accordingly, we conclude that the autopsy photographs of the
victim were more probative than prejudicial. See Tex. R. Evid. 403. The court did not
abuse its discretion in admitting the autopsy photographs; its decision to admit the
photographs was not outside the zone of reasonable disagreement. See Narvaiz, 830
S.W.2d at 429. Moreover, we conclude that error, if any, in the admission of the
autopsy photographs did not affect appellant's substantial rights. See Tex. R. App. P.
44.2(b). Garcia's second point of error is overruled.
III. Conclusion
         Accordingly, the judgment of the trial court is affirmed.                                                                                         

                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 9th day of June, 2005.