NOS.
12-06-00402-CR

         
12-06-00403-CR

         
12-06-00404-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

STANLEY
BENJAMIN GREEN, JR.,        §                      APPEAL FROM THE THIRD

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      HENDERSON COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Stanley
Benjamin Green, Jr. appeals his conviction for one count of aggravated sexual
assault of a child and two counts of indecency with a child.  In his sole issue, Appellant argues that the
trial court reversibly erred by allowing the State to introduce evidence of
extraneous offenses at trial.  We affirm.

 

Background

            Appellant, an official with the
Church of Jesus Christ of Latter Day Saints in Athens, Texas, was charged by
indictment with one count of aggravated sexual assault of a child and two
counts of indecency with a child.  The
victim was a child whose parents were attendees of Appellant’s local
church.  It was alleged that Appellant
began molesting the child at the age of seven years old and continued to do so
until the child reached the age of ten years old.  The charges related to three of many
instances of alleged sexual misconduct against the child by Appellant.

            Appellant pleaded not guilty and was
tried before a jury.  The jury found
Appellant guilty on all three counts. 
The jury assessed punishment at fifty years of imprisonment for the
first count and twenty years of imprisonment for each of the other two
counts.  This appeal followed.

 

Admission of Extraneous Offense Testimony

            In one issue, Appellant contends
that the trial court reversibly erred by allowing the State to introduce
evidence of extraneous offenses at trial. 
The specific evidence complained of is the testimony of two adult
stepgrandchildren of Appellant.  Both
witnesses testified that Appellant, their stepgrandfather, had committed
illicit sexual acts against them when they were children.  Appellant argues that this evidence was
admitted in violation of Rule 404 of the Texas Rules of Evidence because the
only possible purpose for the admission of the testimony was to show character
conformity.  The State argues that this
evidence was properly admitted to rebut the false impression created by
Appellant, an elderly man and a church official, that he was a man of virtuous
conduct who would not violate his marital vows and was sickened by the idea
that he would ever commit illicit sexual acts with a child.  Under Rule 404, extraneous offenses are
generally not admissible at the guilt-innocence phase of a trial to prove that
a defendant committed the charged offense in conformity with a bad character. Tex. R. 
Evid. 404(b). 

Standard
of Review

            A trial court’s ruling on the
admissibility of evidence is reviewed under an abuse of discretion
standard.  Green v. State,
934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). 
Absent an abuse of discretion, we do not reverse a trial court’s
decision to admit evidence.  Osbourn
v. State, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002).  A trial court does not abuse its discretion
when its decision is within the zone of reasonable disagreement.  See Montgomery v. State, 810 S.W.2d
372, 391 (Tex. Crim. App. 1991) (op. on reh’g). 
Further, the trial court’s decision will be upheld on appeal if it is
correct on any theory of law applicable to the case.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990).  This principle
holds true even where the trial court has given an erroneous legal reason for
its decision.  Id.

Discussion








            At trial, during his case in chief,
Appellant introduced into evidence an audiotape recording of a police interview
of Appellant on October 28, 2003.  During
that interview, the following dialogue occurred:

 

Appellant:             I don’t know of any sexual
assault.

 

. . . .

 

Detective:              Okay, all right.

 

Appellant:             There’s one thing I want to make
sure.

 

Detective:              [Okay.]

 

Appellant:             There’s a little girl sitting out
there [that] I met forty years ago and she is graciously married to me.  And for forty years I have been with her
every single day of my life.  We go to
bed together at night, we get up in the morning.  We’ve gone to work for years and years and
come home and, since we retired in 1990, we have been together every single
moment of the day and night all those years. 
She’s with me at everything I do and I would never violate [my]
marriage agreement with her, ever. 
And whoever is making these absurd charges I want to know who
they are and I want to know who they are right now.

 

. . . .

 

Appellant:             Now, I can’t think of a single
person that I might of possibly, a child you say?

 

Detective:              Yes.

 

Appellant:             No way, Jose.  No way.

 

. . . .

 

Detective:              [Discusses specific alleged sexual
acts and asks if Appellant committed the acts.]

 

Appellant:             Oh my gosh, honestly, that’s
sickening!

 

 

(emphasis
added).  This audiotape recording allowed
Appellant to place before the jury character evidence that he, a person already
understood by the jury to be an elderly man and a church official, was a man of
virtuous conduct who would not have violated his marital vows and was sickened
by the idea that he would ever commit illicit sexual acts with a child.  Following the admission of this audiotape
recording, the State, over Appellant’s objection, was allowed by the trial
court to introduce the testimony of Appellant’s stepgrandchildren as rebuttal
evidence.  

            Rule 404 of the Texas Rules of
Evidence states that “[e]vidence of a person’s character . . . is
. . . admissible . . . for the purpose of proving action in
conformity therewith . . . [where admitted] to rebut [similar evidence
presented by the accused.]” Tex. R.
Evid. 404(a)(1)(A); see Waddell v. State, 873 S.W.2d 130,
137-38 (Tex. App.–Beaumont 1994, pet. ref’d) (“Rule 404(a)(1) stands as an
independent and separate ground of admissibility under this record - the
prosecution was rebutting the evidence of the defendant as to his sterling
character and as to his traits of character that would absolutely prohibit his
committing the indicted offense.”); see also Delk v. State, 855
S.W.2d 700, 704 (Tex. Crim. App. 1993) (“Where the witness creates a false
impression of law abiding behavior, he ‘opens the door’ on his otherwise
irrelevant past criminal history and opposing counsel may expose the falsehood.”).  Because the challenged testimony was offered
to rebut character evidence presented by Appellant, the trial court’s decision
to admit the testimony did not violate Rule 404. See id.  Therefore, the trial court’s decision was not
an abuse of discretion under Rule 404.  See
Montgomery, 810 S.W.2d at 391. 
We overrule Appellant’s sole issue.

 

Disposition

            We affirm the judgment
of the trial court.

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

Opinion delivered March 26, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)