*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00452-CR

Alejandro **FIGUEROA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st/218th Judicial District Court, Karnes County, Texas
Trial Court No. 06-03-00087-CRK
Honorable Ron Carr, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:         Rebecca Simmons, Justice
                Steven C. Hilbig, Justice, concurring without opinion
                Marialyn Barnard, Justice

Delivered and Filed:   July 22, 2009

AFFIRMED

A jury convicted appellant Alejandro Figueroa of indecency with a child and assessed his punishment at two years with community supervision. On appeal, Figueroa contends the trial court erred by excluding expert testimony regarding the Abel Assessment for Sexual Interest Test during the guilt/innocence phase of trial. We affirm the trial court's judgment.

**BACKGROUND**

On April 15, 2008, Figueroa stood trial for indecency with a child after his wife's six-year-old granddaughter accused him of improperly touching her. During the trial, Figueroa attempted to proffer expert testimony from Mark Steege regarding the Abel Assessment for Sexual Interest Test, a psychological test he administered to Figueroa, and the State objected.

To determine the admissibility of Steege's expert testimony regarding the Abel Assessment for Sexual Interest Test, the trial court conducted a gatekeeper hearing outside the presence of the jury. At the hearing, both parties provided the court with cases to support their standpoints, and Steege testified. Steege testified that he examined Figueroa in his office and administered the Abel Assessment for Sexual Interest Test and the Sexual Adjustment Inventory as well as conducted a clinical evaluation. Steege testified that the Abel Assessment for Sexual Interest Test examines the sexual interest of a person by using variable reaction times based on the temporal disparity the person displays after seeing slides of human beings portrayed in different situations. Based on all three evaluations, Steege testified that he did not see any "red flags" that would alert him to believe Figueroa had problematic sexual behaviors.

At the end of the gatekeeper hearing, the trial court granted the State's objection to the admissibility of Steege's testimony regarding the Abel Assessment for Sexual Interest Test, but the trial court denied the State's objection to the admissibility of Steege's testimony regarding Steege's clinical evaluation of Figueroa and Figueroa's results from a Sexual Adjustment Inventory. After hearing Steeges's testimony, the jury convicted Figueroa of indecency with a child, assessed his punishment at two years confinement. The jury also recommended that his sentence be suspended,

and he be placed on community supervision. The trial court suspended Figueroa's sentence of confinement and placed him on community supervision for two years

### STANDARD OF REVIEW

We review a trial court's decision to admit or exclude expert testimony under an abuse of discretion standard. *See Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005); *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Under an abuse of discretion standard, we defer to the trial court if the record supports the trial court's decision to admit or exclude the expert testimony. *See Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002); *see also Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990). Merely because a trial court may decide to admit or exclude evidence differently than our court does not demonstrate an abuse of discretion. *See Montgomery*, 810 S.W.2d at 380. An abuse of discretion occurs when the trial court acts arbitrarily or unreasonably and without reference to any guiding rules and principles. *Id*. So long as the trial court's decision to admit or exclude the expert testimony lies "within the zone of reasonable disagreement," then the decision is not an abuse of discretion. *Weatherred*, 15 S.W.3d at 542; *Kelly v. State,* 824 S.W.2d 568, 574 (Tex. Crim. App. 1992); *Montgomery*, 810 S.W.2d at 391 (op. on reh'g). "In addition, [we] must review the trial court's ruling in light of what was before the trial court at the time the ruling was made." *Weatherred*, 15 S.W.3d at 542.

### DISCUSSION

In his sole issue on appeal, Figueroa challenges the trial court's decision to exclude from evidence Mark Steege's expert testimony regarding his evaluation of Figueroa's lack of sexual deviancy under the Abel Assessment for Sexual Interest Test. According to Figueroa, Steege's evaluation of Figueroa under the Abel Assessment for Sexual Interest Test was admissible because

Steege's testimony showed by clear and convincing evidence that the test was reliable. Figueroa contends the trial court did not have any evidence to support the exclusion of Steege's testimony; therefore, its decision to exclude the test lies outside the zone of reasonable disagreement.

The State contends, however, that the trial court did not abuse its discretion because the Abel Assessment for Sexual Interest Test is not a reliable test. The State contends the underlying theory is invalid and inaccurate. The State also contends that although Steege is a qualified expert, he misapplied the Abel Assessment for Sexual Interest Test because the test is to be used for treatment rather than diagnostic purposes. According to the State, the test is not designed to detect whether a person has sexually abused children, but instead the test is designed to treat individuals with problems involving sexual arousal towards minors. The State further contends that Steege undermined the reliability of the test as applied to Figueroa when Steege admitted that the research on the test's accuracy with regard to Hispanic victims has not been completed.

Under Rule 702 of the Texas Rules of Evidence, the proponent of scientific evidence must show by clear and convincing proof that the evidence he is proffering is not only relevant, but also reliable in assisting the jury in accurately determining a fact issue or understanding other evidence. TEX. R. EVID. 702; *Weatherred,* 15 S.W.3d at 542. To determine the reliability of a "soft" science, including fields such as economics, political science, psychology, anthropology, and sociology, the proponent must satisfy three criteria by showing that: "(1) the underlying theory is valid; (2) the technique applying said theory is valid; and (3) the technique was properly applied on the occasion in question." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008); *Kelly,* 824 S.W.2d at 573; *see also Weatherred,* 15 S.W.3d at 542.

To determine whether the record supports the trial court's decision to exclude Steege's testimony regarding the Abel Assessment for Sexual Interest Test, we must decide whether Figueroa showed by clear and convincing proof that the test is reliable under the three criteria set out in *Kelly*, 824 S.W.2d at 573-74. *See Bignon*, 252 S.W.3d at 367.

A. Whether the Underlying Scientific Theory Is Valid

During the gatekeeper hearing, Steege testified that the Abel Assessment for Sexual Interest Test examines the sexual interest of a person by using variable reaction times based on the temporal disparity the person displays after seeing slides of human beings portrayed in different situations. Steege testified that the test is primarily an objective test that measures the amount of time a person spends looking at the images on the slide. Steege testified that the test also includes a subjective component in which the person answers questions regarding how much he or she was sexually aroused or disgusted by an image on the slide. Steege testified that the information is then sent to Dr. Abel's for-profit company to determine the results. *See also United States v. Birdsbill*, 243 F. Supp. 2d 1128, 1131, n. 3 (D.C. Mont. 2003) (explaining that the information, including the person's answers to the questions as well as the person's visual reaction times, are sent to Dr. Abel's office in Atlanta, Georgia and the results are faxed back to the test administrator).

On cross examination, Steege admitted that Dr. Abel's formula and the scales Dr. Abel uses to determine the results are not released to the public for outside review; however, Steege added that the test "has been subject to independent review by a variety of people." Steege also testified that there is a potential error rate, and the test does not fall within the ninety-three to ninety-eight percentile of accuracy. Steege also acknowledged that Dr. Abel testified in an earlier case that the

test has a "significant potential" for error.[1]  When asked twice whether the test is generally accepted by the public, Steege equivocated and answered that he was not asked to testify whether Figueroa was guilty or innocent and indicated that he can diagnose pedophilia.

B. Whether the Technique Applying the Theory Is Valid

Prior to Steege's testimony, both parties provided the court with cases discussing whether the Abel Assessment for Sexual Interest Test is a diagnostic or treatment tool.  The record reflects that after reviewing the cases, the trial judge stated the cases did not provide a definitive answer as to whether the Abel Assessment for Sexual Interest Test is a diagnostic or treatment tool or whether the test is admissible.  The trial court noted that in *In re C.D.K.*, 64 S.W.3d 679, 684, n.8 (Tex. App.—Amarillo 2002, no pet.), the Seventh Court of Appeals held that although it did not categorize the test as "junk science," the test was inadmissible because the proponent of the evidence did not satisfy the *Robinson* test.  The trial court also noted that some of the cases provided by Figueroa upheld the admission of the test because the opponent of the evidence did not object to its admission. *See e.g.,Carlson v. State*, No. 01-98-00367-CR, 1999 WL 182445, at *1 (Tex. App.—Houston [1st Dist.] April 1, 1999, no pet.) (allowing the admission of the Abel Assessment report because the defendant failed to object to the admission of the report and waived any error).

The trial court also reviewed *United States v. Birdsbill,* 243 F. Supp. 2d at 1136, in which the United States District Court of Montana held that the test was not reliable for the purpose of

---

[1]  *See Birdsbill*, 243 F. Supp. 2d at 1135-36 (reviewing several independent studies regarding the Abel Assessment for Sexual Interest Test's error rate, including Dr. Abel's own calculation of a 32% error rate, where it was clear that the potential error rate for the test varied from "poor" to "appalling). *But see United States v. Robinson*, 94 F. Supp. 2d 751, 753, 755 (W.D. La. 2000) (hearing testimony from Dr. Abel, who stated that the potential rate of error in diagnosing sexual interest in cases of incest/non-incest was between 78% and 79% accurate and that the Abel Assessment for Sexual Interest Test was between 86% and 90% reliable).  In this case, the court held that based on the evidence before it, the expert's testimony regarding the Abel Assessment for Sexual Interest Test was admissible under the *Daubert* standard.  *Id*. at 755.

characterizing a defendant as sexually interested or uninterested in boys under the age of twelve. In addition to highlighting the test's potential for error, the Montana court stated that the test is a treatment test and is designed for the purpose of monitoring the progress of individuals being treated for problems regarding sexual arousal toward minors. *Id.* at 1131, 1136. The Montana court also stated that test is not designed to diagnose whether a person has sexually abused children. *Id.* at 1131.

In addition to the case law, the trial court heard the following testimony regarding whether the test should be characterized as a diagnostic or treatment tool. On cross examination, the State asked Steege whether the Abel Assessment for Sexual Interest Test is "generally used for the purpose of diagnosis," and Steege testified he "could diagnose pedophilia from it if that is what you are asking."

C. Whether the Technique Was Properly Applied on the Occasion in Question

The trial court asked Steege whether the test was limited to race in any kind of way, and Steege testified that the slides involve only Caucasian and African-American children. Steege also testified that his site is working on adding a series of slides involving Hispanic individuals, but the test's accuracy toward Hispanic victims is not completed. The trial court then asked "how reliable would it be on a Hispanic subject." Steege testified that he believed it would not make much difference; however, he noticed that Hispanic individuals show more preference for women of color than Caucasian women. Steege also added that his beliefs were based on his own anecdotal research and not any "clear research."

D. Conclusion

Viewing the evidence in the light most favorable to the trial court's decision, we conclude that Figueroa did not demonstrate by clear and convincing evidence that Steege's evaluation of Figueroa under the Abel Assessment for Sexual Interest Test was reliable for the purpose of characterizing Figueroa as being sexually uninterested in minors. *See Bignon*, 252 S.W.3d at 367; *Weatherred,* 15 S.W.3d at 542; *Kelly*, 824 S.W.2d at 574. As the sole judge of the weight and credibility of the evidence, the trial court's decision to exclude the testimony did not fall outside the zone of reasonable disagreement. *See Weatherred,* 15 S.W.3d at 542*; Kelly*, 824 S.W.2d at 574; *Montgomery*, 810 S.W.2d at 391. Here, it was within the trial court's discretion to weigh Steege's testimony regarding the test's significant potential for error and its inaccuracy in Hispanic subjects more heavily than Steege's testimony regarding the test's objectiveness. Accordingly, the trial court did not act arbitrarily, unreasonably, or without reference to any guiding rules and principles, and its decision to exclude Steege's testimony regarding Figueroa's evaluation under the Abel Assessment for Sexual Interest Test was not an abuse of discretion.[2] *See Montgomery*, 810 S.W.2d at 380.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

Marialyn Barnard, Justice

DO NOT PUBLISH

---

[2] We express no opinion as to whether the Abel Assessment for Sexual Interest Test could be found reliable if different evidence had been presented. We simply hold that the trial court did not abuse its discretion in determining that Figueroa did not demonstrate by clear and convincing evidence that the Abel Assessment for Sexual Interest Test was admissible based on the evidence in this case.