**Vicki C. OSBOURN, Appellant,**

v.

**The STATE of Texas.**

No. 2330–01.

Court of Criminal Appeals of Texas.

Dec. 18, 2002.

Michael J. Golden, Austin, for Appellant.

Giselle Horton, Assistant County Attorney, Matthew Paul, State's Attorney, Austin, for State.

## *OPINION*

MEYERS, J., delivered the unanimous opinion of the Court.

Appellant was convicted in a bench trial of possession of marihuana, a usable amount of less than two ounces. Punishment was assessed at twenty days' confinement in the county jail. The Court of Appeals affirmed the trial court's conviction. We granted review to decide whether the Court of Appeals erred when it held that the arresting officer's identification of marihuana was admissible as a lay opinion under Texas Rule of Evidence 701.[1] We will affirm.

---

1. Unless otherwise noted, all future references to Rules refer to Texas Rules of Evidence.

Appellant was the passenger in a vehicle that was stopped by Officer Nicole Saval. During the traffic stop, Saval smelled alcohol and the odor of burning marihuana emanating from the vehicle and suspected that the driver of the vehicle was under the influence. While Saval questioned appellant, another officer performed a field sobriety test on the driver who was subsequently arrested. Saval asked appellant if she and the driver had been smoking marihuana. Appellant first denied that she had been smoking marihuana and claimed that the odor was cigarettes. After Saval explained to appellant that cigarette smoke does not smell like marihuana smoke, appellant admitted that she and the driver had been smoking marihuana. Appellant then told the officer that there was more marihuana in the vehicle, which Saval found in a clear plastic bag between the two front seats.

Saval documented her identification of the marihuana in the offense report that was given to appellant before trial. After receiving the offense report, appellant requested and the court ordered the State to provide notice of its intent to offer expert testimony pursuant to Article 39.14(b) of the Texas Code of Criminal Procedure. The State did not respond to the order.

At trial, Saval testified about her police academy training. She stated that the trainees were shown what different drugs looked like and were able to smell marihuana both before and after it was burned. She stated that although she was not a drug recognition expert and was not certified as one, based on her training at the academy and her experience on the police force, she was able to identify what marihuana looks and smells like.

During Saval's testimony, appellant objected claiming that the State was attempting to qualify Saval as an expert without providing notice. The State responded that Saval was not being offered as an expert under Rule 702, rather as an individual who can identify what marihuana looks and smells like. The court withheld ruling on the admissibility and allowed the testimony to continue. At the end of the trial, the court concluded that the officer was testifying as an expert due to her specialized knowledge, however, the testimony was admissible because the offense report was adequate notice.

On appeal, appellant claimed that the testimony of the officer was improperly admitted due to the State's failure to provide notice of intent to offer expert testimony. Appellant also claimed that without this testimony, the evidence was legally insufficient to support a conviction.

The Court of Appeals concluded that the testimony was admissible as lay opinion testimony under Rule of Evidence 701. *Osbourn v. State*, 59 S.W.3d 809, 815 (Tex. App.-Austin 2001). Because Saval's testimony was personal knowledge that was rationally based on her perceptions, inferences, and impressions, the Court of Appeals held that she was not testifying as an expert. *Id.* at 814. Because the trial court found the evidence admissible under the alternative theory that Saval was testifying as an expert, the Court of Appeals also addressed the issue of notice. The court found that because the offense report was made available to appellant prior to the request for notice, appellant could anticipate the content of the testimony of the arresting officer. Since appellant was not surprised by the testimony and the State's actions did not constitute bad faith, the Court of Appeals reviewed the trial court's admission of the testimony for abuse of discretion. *Id.* at 816. Finding no abuse, the court declined to disturb the trial court's ruling.

Appellant advances two grounds for review but in view of our disposition of the

case only ground two will require discussion. The issue raised by the determinative ground of error is whether the Court of Appeals erred when it held that a police officer's identification of marihuana is admissible as a lay opinion under Texas Rule of Evidence 701.[2]

■ Appellant argues that the Court of Appeals erred when it held that the officer's testimony regarding the identification of marihuana was admissible under Rule of Evidence 701. Because Saval's opinion was based on the training she received at the police academy and the experience she gained during her three years as a police officer, appellant contends that she was an expert witness under Rule 702. Appellant claims that only a witness who testifies based on personal knowledge, rather than experience and training, can identify marihuana as a lay witness under Rule 701.

The State counters appellant's assertion by claiming that expert testimony is not necessary to identify marihuana because appellant herself identified the substance as marihuana. Additionally, the fact that all police officers have training and experience does not necessarily make them expert witnesses. The State contends that since Saval personally observed the marihuana, she was not testifying as an expert.

■ Both lay and expert witnesses can offer opinion testimony. Rule 701 covers the more traditional witness—one who "witnessed" or participated in the events about which he or she is testifying—while Rule 702 allows for a witness who was brought in as an expert to testify. A witness can testify in the form of an opinion under Rule 701 if the opinions or inferences are (a) rationally based on his or her perceptions and (b) helpful to the clear understanding of the testimony or the determination of a fact in issue. *Fairow v. State*, 943 S.W.2d 895, 898 (Tex.Crim.App. 1997). Perceptions refer to a witness's interpretation of information acquired through his or her own senses or experiences at the time of the event (i.e., things the witness saw, heard, smelled, touched, felt, or tasted). Since Rule 701 requires the testimony to be based on the witness's perception, it is necessary that the witness personally observed or experienced the events about which he or she is testifying. *Id.* at 898. Thus, the witness's testimony can include opinions, beliefs, or inferences as long as they are drawn from his or her own experiences or observations. This also incorporates the personal knowledge requirement of Rule 602 which states that a witness may not testify to a matter unless he or she has personal knowledge of the matter. *Bigby v. State*, 892 S.W.2d 864, 889 (Tex.Crim.App.1994). There is, however, a provision in Rule 602 for opinion testimony by expert witnesses which allows a person testifying as an expert under Rule 702[3] to base his or her opinion on facts and data that are of a type reasonably relied upon by experts in the field. TEX.R.CRIM. EVID. 703. Thus, expert testimony serves the purpose of allowing certain types of relevant, helpful testimony by a witness who does not possess personal

---

**2.** Appellant also argues that because the State did not provide notice of intent to offer expert testimony, the Court of Appeals erred when it held that Article 39.14(b) of the Texas Code of Criminal Procedure did not require exclusion of the State's expert testimony. However, since we find the testimony admissible as a lay opinion under Rule 701 we will not discuss Appellant's first ground.

**3.** Rule 702 states that "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise."

knowledge of the events about which he or she is testifying.

When a witness who is capable of being qualified as an expert testifies regarding events which he or she personally perceived, the evidence may be admissible as both Rule 701 opinion testimony and Rule 702 expert testimony. A person with specialized knowledge may testify about his or her own observations under Rule 701 and may also testify about the theories, facts and data used in his or her area of expertise under Rule 702. Texas Rules of Evidence Manual art. VII–6–7 (6th ed.2002) states that: "A witness may qualify to give testimony both under Rule 702–because of his or her superior experiential capacity-and under Rule 701, if the witness's testimony and opinion are based upon firsthand knowledge." This court has never addressed the issue of whether someone with training and experience can testify as a lay witness but the Courts of Appeals have admitted such testimony as both lay and expert opinion. *See e.g., Harnett v. State,* 38 S.W.3d 650, 659 (Tex. App.-Austin 2000, pet. ref'd) (a social worker was permitted to testify under Rule 701 based on her personal observations of the appellant and under Rule 702 based on her training and experience); *Thomas v. State,* 916 S.W.2d 578, 581 (Tex. App.-San Antonio 1996, no pet.) (police officer qualified as both lay opinion and expert witness to testify regarding the operation of a "crack" house); *Ventroy v. State,* 917 S.W.2d 419, 422 (Tex.App.-San Antonio 1996, pet. ref'd) (police officer was permitted to testify under Rules 701 and 702 based on his experience and personal knowledge about the scene of an accident);

*Yohey v. State,* 801 S.W.2d 232, 243 (Tex. App.-San Antonio 1990, pet. ref'd) (police officer's testimony regarding time of death was admissible under both Rule 701 and 702); *Austin v. State,* 794 S.W.2d 408, 409–411 (Tex.App.-Austin 1990, pet. ref'd) (police officer testified under Rules 701 and 702 that, based on his experience and observation, "Swedish Deep Muscle Rub" was a term for prostitution). Thus, although police officers have training and experience, they are not precluded from offering lay testimony regarding events which they have personally observed. *See e.g., Reece v. State,* 878 S.W.2d 320, 325 (Tex.App.-Houston [1 dist.] 1994, no pet.) (police officer testified that, in his opinion, based on his experience, the actions he observed were consistent with someone selling drugs); *State v. Welton,* 774 S.W.2d 341, 343 (Tex.App.-Austin 1989, pet. ref'd) (police officer permitted to testify as non-expert opinion witness regarding intoxication based in part on smelling the odor of alcohol).

The ninth circuit has addressed the issue of whether a police officer with experience and training can testify as a lay witness.[4] In *United States v. VonWillie,* 59 F.3d 922, 929 (9th Cir.1995) the ninth circuit allowed a police officer who searched appellant's residence to testify as a lay witness about the nexus between drug trafficking and the possession of the type of weapons found during the search. The court stated that "these observations are common enough and require such a limited amount of expertise, if any, that they can, indeed, be deemed lay witness opinion." *Id.* at 929. Thus, although the police officer testified based on his experi-

---

4. Although we are not bound by federal court decisions, when the Texas Rule is similar to the Federal Rule, cases interpreting the Federal Rules of Evidence can be used for guidance. *Wilson v. State,* 71 S.W.3d 346, 351 (Tex.Crim.App.2002). Prior to a 2000 amendment to the Federal Rules of Evidence, Rules 701 and 702 of the Texas and Federal Rules of Evidence were substantively identical.

ence, his testimony was admitted as a lay opinion under Rule 701 because it was rationally based on his perceptions during the search and was helpful to the determination of a fact in issue. *Id.* at 929. However, not all observations by witnesses with experience and training can be admitted as lay opinion testimony. This Court, in *Emerson v. State*, 880 S.W.2d 759, 763 (Tex.Crim.App.1994) declined to admit as a lay opinion an officer's testimony regarding appellant's intoxication. Because the officer's opinion was based on his observations while administering the horizontal gaze nystagmus (HGN) test, this Court held that the testimony could only be admissible as expert testimony under Rule 702. *Id.* at 763. Although the officer personally perceived the appellant's eye movements during the HGN test, we held that his observations were not considered mere lay opinion because the test is based on a scientific theory. *Id.* at 763.

■■■■■ A distinct line cannot be drawn between lay opinion and expert testimony because all perceptions are evaluated based on experiences. However, as a general rule, observations which do not require significant expertise to interpret and which are not based on a scientific theory can be admitted as lay opinions if the requirements of Rule 701 are met. This is true even when the witness has experience or training. Additionally, even events not normally encountered by most people in everyday life do not necessarily require the testimony of an expert. The personal experience and knowledge of a lay witness may establish that he or she is capable, without qualification as an expert, of expressing an opinion on a subject outside the realm of common knowledge. *United States v. James Earl Paiva*, 892 F.2d 148, 157 (1st Cir.1989). It is only when the fact-finder may not fully understand the evidence or be able to determine the fact in issue without the assistance of someone with specialized knowledge that a witness must be qualified as an expert.

■■■■■ It does not take an expert to identify the smell of marihuana smoke. Testimony as to the identity of an odor is admissible in some instances even though the person testifying is not an expert. *Chess v. State*, 172 Tex.Crim. 412, 357 S.W.2d 386, 387–388 (1962). While smelling the odor of marihuana smoke may not be an event normally encountered in daily life, it requires limited, if any, expertise to identify. *See e.g.*, *Kemner v. State*, 589 S.W.2d 403 (Tex.Crim.App.1979) (airline employee recognized odor of marihuana emanating from appellant's suitcase and informed DEA); *Chaires v. State*, 480 S.W.2d 196 (Tex.Crim.App.1972) (airline baggage agent smelled odor of marihuana in appellant's suitcase, opened the suitcase and identified the grassy substance it contained as marihuana); *Hattersley v. State*, 487 S.W.2d 354 (Tex.Crim.App.1972) (airline employee determined by sight and smell that appellant's suitcase contained marihuana); *Sorensen v. State*, 478 S.W.2d 532 (Tex.Crim.App.1972) (appellant's mother testified that she recognized the odor of marihuana when she found it in her son's room); *Mumphrey v. State*, 774 S.W.2d 75 (Tex.App.-Beaumont 1989, pet. ref'd) (13 year old rape victim testified that she smelled the odor of marihuana on the clothes of appellant). Although it cannot be presumed that everyone is capable of identifying marihuana by smell, a witness who is familiar with the odor of marihuana smoke through past experiences can testify as a lay witness that he or she was able to recognize the odor.

■■■■■ The admissibility of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion. *Powell v. State*, 63 S.W.3d 435, 438 (Tex.Crim.App.2001); *Harnett*, 38

S.W.3d at 657; *Ventroy*, 917 S.W.2d at 422. If there is evidence supporting the trial court's decision to admit evidence, there is no abuse and the appellate court must defer to that decision. *Powell*, 63 S.W.3d at 438; *Fairow*, 943 S.W.2d at 901. Even when the trial judge gives the wrong reason for his decision, *Salas v. State*, 629 S.W.2d 796, 799 (Tex.Crim.App.1981), if the decision is correct on any theory of law applicable to the case it will be sustained. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Moreno v. State*, 170 Tex. Crim. 410, 411, 341 S.W.2d 455, 456 (Tex.Crim.App.1961); *Calloway v. State*, 743 S.W.2d 645, 651–652 (Tex.Crim.App.1988). This is especially true with regard to the admission of evidence. *Dugard v. State*, 688 S.W.2d 524 (Tex.Crim.App.1985), *overruled by Williams v. State*, 780 S.W.2d 802 (Tex.Crim.App.1989); *Sewell v. State* 629 S.W.2d 42, 45 (Tex.Crim.App.1982). Taking this into account, we will now determine whether the Court of Appeals erred in upholding the trial court's admission of Saval's testimony.

■ Using the standard set out above, Saval's observation that the odor she smelled was marihuana did not require significant expertise to interpret. And, her observations were not interpreted based on a scientific theory. Thus, if her testimony meets the requirements of Rule 701, it is admissible as a lay opinion. Rule 701 allows a lay witness to give testimony in the form of opinions or inferences that are rationally based on the witness' perception and helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. Thus, if the witness perceived events and formed an opinion *that a reasonable person could* draw from the facts, then the first part of the rule is met. If the opinion is also helpful for the trier of fact to understand the witness's testimony or aids in the de-

termination of a fact in issue, then the opinion is admissible under Rule 701. Here, Saval participated in the events about which she testified and her opinion was based on what she perceived at the scene of the traffic stop. That is, she smelled an odor that she recognized as marihuana smoke. And, the testimony was helpful to the determination of a fact in issue (*i.e.*, whether appellant was in possession of marihuana). Her belief or inference that the substance was marihuana was based on identifiable facts that were within her personal knowledge such as the green, leafy appearance and the distinct odor. Unlike other drugs that may require chemical analysis, marihuana has a distinct appearance and odor that are familiar and easily recognizable to anyone who has encountered it. So Saval's opinion that appellant possessed marihuana, based on the odor she smelled and the green, leafy substance she saw, was one that a reasonable person could draw from the circumstances. Her testimony regarding the identification of the marihuana was admissible as a lay opinion under Rule 701.

The record also indicates that appellant objected to Saval's testimony on the basis that her opinion was based on her training and experience as a police officer, making her a Rule 702 expert witness. There are certain fields where a witness may qualify as an expert based upon experience and training, however, use of the terms "training" and "experience" do not automatically make someone an expert. All opinions are formed by evaluating facts based on life experiences including education, background, training, occupation, etc. While Saval may have had the potential to be qualified as an expert because she possessed knowledge, skill, experience and education, she was not testifying as an expert when she identified the marihuana. Rather, she was testifying based on her first-hand sensory experiences. Saval herself

smelled the odor that she perceived to be burnt marihuana. The fact that she had smelled marihuana before in the course of her employment as a police officer does not necessarily make her an expert. And, again, even if she was an expert, that would not preclude her from offering a lay opinion about something she personally perceived.

Although the trial court admitted Saval's testimony under a different theory, because evidence supports admission of the testimony under Rule 701, the trial court did not abuse its discretion. Consequently, the Court of Appeals correctly upheld the trial court's admission of the testimony. The judgment of the Court of Appeals is affirmed.