# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00470-CR

**Dennis Martin, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 2012001, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Dennis Martin guilty of aggravated robbery. *See* Tex. Pen. Code Ann. § 29.03 (West 2003). After finding that appellant had a previous felony conviction, the jury assessed his punishment at imprisonment for forty-eight years. In his only point of error, appellant contends the trial court erroneously introduced hearsay evidence during the punishment phase of trial. We will affirm.

The State's first punishment witness was Deputy Toby Cross, an expert fingerprint examiner. Cross testified that he had taken appellant's fingerprints that morning. Using these prints, Cross identified the defendant's thumb print on State's exhibit 17 as being appellant's. Exhibit 17 was a copy of the docket sheet from the 299th District Court of Travis County, bearing cause number 985533 and containing a notation that the defendant in that cause, Dennis Don Martin, had been

convicted of aggravated assault on June 4, 1999. Cause number 985533 was the previous conviction alleged for enhancement. The State then offered in evidence its exhibit 19, a certified copy of the judgment of conviction in cause number 985533. This judgment reflects that Dennis Martin was convicted of aggravated robbery on June 4, 1999, in the 299th District Court and sentenced to two years in prison. The judge's signature on the judgment matches the signature on the docket sheet.

The State later called Austin police officer Timothy Vineyard. Vineyard testified that he was dispatched to the scene of a stabbing on August 29, 1998. Based on information received from witnesses, he arrested a man at the scene who identified himself as Dennis Martin. Martin, who had blood on his hands and clothes, told the officer that he had acted in self-defense. Vineyard found a bloody buck knife at the scene of the assault.

Vineyard testified outside the jury's presence that appellant appeared to be the Dennis Martin he arrested on August 29, 1988, but that he was not certain in that identification. He said that a comparison of appellant's fingerprints with the fingerprints on the booking record would determine appellant's identity with certainty. After the jury returned to the courtroom, Vineyard identified State's exhibit 22 as the booking record prepared on August 29, 1998, when the Dennis Martin he arrested for assault was booked into jail. Deputy Cross was recalled and identified the fingerprints on the booking sheet as being appellant's.

Appellant contends that the information contained in the booking record was hearsay, and that the court erred in admitting the exhibit as a business record because the proper predicate was not laid. *See* Tex. R. Evid. 803(6). The State responds that appellant did not preserve this contention for review and that, in any event, no error is shown.

2

It is clear from the record that both the prosecutor and the trial court understood appellant to be making a hearsay objection to the admission of the booking record. We hold that the alleged error was preserved for review. *See* Tex. R. Evid. 103(a)(1).

Vineyard testified that it was the regular practice of the police department to make a record of every person booked into jail, that the information contained in booking records is entered by a person with knowledge, and that booking records are kept in the regular course of the police department's activities. *See* Tex. R. Evid. 803(6). Appellant concedes that Vineyard's testimony contained the necessary predicate for admission pursuant to rule 803(6), but he urges that Vineyard was not competent to sponsor the exhibit because he was not the records custodian. Rule 803(6) provides, however, that the predicate for admission may be laid by the custodian or other qualified witness. Vineyard testified that he had been a police officer for seven years and was familiar with the booking process. The trial court did not abuse its discretion by concluding that Vineyard was qualified to lay the predicate for admission of exhibit 22 as a business record. *See Osborn v. State*, 92 S.W.3d 531, 537-38 (Tex. Crim. App. 2002) (admissibility of evidence is within trial court's discretion).

We also hold that any error in the admission of exhibit 22 was harmless. *See* Tex. R. App. P. 44.2(b). Exhibit 22 was not necessary to prove the enhancement allegation. Exhibits 17 (the docket sheet) and 19 ( the judgment of conviction), together with Cross's fingerprint testimony, were sufficient to prove the fact of appellant's previous felony conviction in cause number 985533. The booking record was admitted only to prove that appellant was the person who committed the assault described by Officer Vineyard. That fact was also proved by exhibit 19, the judgment of

3

conviction in cause number 985533. The judgment recites that the aggravated assault for which appellant was convicted was committed on August 29, 1998, and that a deadly weapon, a buck knife, was used in the commission of the offense. These details, plus the identity of names, establish that the offense for which appellant was convicted in cause number 985533 was the August 29, 1998, assault described by Vineyard and this is sufficient to identify appellant as the Dennis Martin arrested by the officer.

        The point of error is overruled and the judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:   October 7, 2004

Do Not Publish