Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-07-00538-CR

Juan **ESCOBEDO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-5364
Honorable Bert Richardson, Judge Presiding

Opinion by:  Rebecca Simmons, Justice

Sitting:  Alma L. López, Chief Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  July 9, 2008

AFFIRMED

Juan Escobedo was convicted by a jury of failure to stop and render aid.  On appeal, Escobedo asserts: (1) the evidence is factually insufficient to support his conviction; (2) the trial court abused its discretion in allowing a detective to give an ultimate opinion; and (3) the jury charge was erroneous.  We affirm the trial court's judgment.

**FACTUAL SUFFICIENCY**

In conducting a factual sufficiency review, this court views all of the evidence in a neutral light and sets aside the verdict only if: (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust; or (2) the verdict is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). "[D]ue deference must be accorded the fact finder's determinations, particularly those determinations concerning the weight and credibility of the evidence," and a reviewing court's disagreement "with the fact finder's determination is appropriate only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Id.* at 9.

Escobedo initially contends that the evidence is factually insufficient to prove that he was the operator of the van that struck and injured the victim. Anita Portales, however, was a passenger in the van Escobedo was driving. Portales testified that Escobedo failed to properly stop at a stop sign causing a motorcycle to hit his van. Although Portales told Escobedo to stop after the collision, Escobedo told her he could not stop because he was on parole. When Portales insisted on exiting the van, Escobedo stopped, let her out, and drove away. Portales walked back to the scene, saw the victim bleeding and a woman calling for help, and ran to her home. Although Portales testified that she was not positive that the photographs introduced into evidence were photographs of the van Escobedo was driving, Portales's testimony is sufficient to establish that Escobedo was the operator of the van that struck and injured the victim.

Escobedo also contends that the evidence is factually insufficient to establish that he acted knowingly, i.e., that he knew he collided with the motorcycle. In addition to Portales's testimony that the collision made a loud noise, Escobedo told Portales he could not stop. Escobedo also told

Portales not to say anything. After he had been questioned by a detective about the accident, Escobedo again contacted Portales and told her not to say anything. The jury could have inferred that Escobedo knew he caused a collision with the motorcycle. Although Escobedo challenges Portales's testimony as self-serving, deferring to the jury's assessment of her credibility and the weight to be given her testimony does not result in manifest injustice. *See id.*

Escobedo's first issue is overruled.

### ADMISSION OF TESTIMONY

In his second issue, Escobedo contends that the trial court erred in allowing Detective Adam Zeldes to testify that the damage to the van depicted in the photographs was consistent with the collision as it was described. Escobedo argues that because Detective Zeldes was not qualified as an expert, he was not qualified to offer his opinion. The only objection Escobedo made to this testimony at trial, however, was that the testimony "call[ed] for speculation and conclusion." Escobedo's complaint on appeal, that the testimony constituted improper expert testimony, did not comport with his objection at trial. Therefore, his complaint on appeal was not preserved for our consideration. *See McPherson v. State*, No. 05-99-01197-CR, 2001 WL 125917, at *4 (Tex. App.—Dallas Feb. 15, 2001, no pet.) (not designated for publication). Even if the issue had been properly preserved, the trial court did not abuse its discretion in admitting Detective Zeldes's opinion based on his experience in investigating traffic accidents and his personal observation of the damage to the van. *See Osborn v. State*, 92 S.W.3d 531, 536-37 (Tex. Crim. App. 2002) (noting testimony of police officer based on experience is admissible as a lay opinion); *Ventroy v. State*, 917 S.W.2d 419, 422 (Tex. App.—San Antonio 1996, pet. ref'd) (police officer can testify as both lay

and expert witness based on personal knowledge and experience from many previous accident investigations). Escobedo's second issue is overruled.

### JURY CHARGE

In his third issue, Escobedo makes two complaints about the jury charge. First, Escobedo asserts that the jury charge was erroneous for the same reasons given by this court in *Huffman v. State*, 234 S.W.3d 185, 190-94 (Tex. App.—San Antonio 2007, pet. granted). We agree that the charge in this case contained the same error that existed in *Huffman*, i.e., submitting the requirements under section 550.021(a) disjunctively.[1] *See id*. Because Escobedo failed to object to the charge, he would only be entitled to a reversal if the record demonstrated egregious harm. *See id*. at 194. "Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Id*. "In reviewing the record to determine whether jury-charge error is egregious, we must consider the entirety of the jury charge itself, the evidence including the contested issues and weight of the probative evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole." *Id*.

Having reviewed the record, we hold the record does not demonstrate egregious harm. The evidence included an eyewitness who identified Escobedo as the driver and testified that Escobedo

---

[1]Section 550.021(a) of the Texas Transportation Code requires an operator of a vehicle involved in an accident resulting in injury to or death of a person to: (1) immediately stop the vehicle at the scene of the accident or as close to the scene as possible; (2) immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident; **and** (3) remain at the scene of the accident until the operator complies with the requirements of Section 550.023, by providing information and rendering aid. TEX. TRANSP. CODE ANN. § 550.021(a) (Vernon Supp. 2007) (emphasis added). The jury charge permitted the jury to convict Escobedo if the jury found that Escobedo "failed to immediately stop, return to the scene of the accident, **or** remain at the scene of the accident." (emphasis added).

stated he could not stop and threatened her not to tell anyone. "Moreover, [Escobedo's] defense did not depend on some distinction between stopping, returning, or remaining on the scene." *Id*. Instead, Escobedo's defense was that he was not driving the vehicle that was involved in the collision. Therefore, we fail to see how charging the jury in the disjunctive caused Escobedo egregious harm.

Escobedo also complains that the charge did not require the jury to find that Escobedo was operating the motor vehicle at the time it was involved in an accident because the charge stated, in pertinent part, that the jury should find Escobedo guilty if he "operate[d] a motor vehicle in a public place, and was involved in an accident." We disagree with Escobedo's reading of the charge. Reading the language of the charge in proper context, it properly required the jury to find that Escobedo was driving when the accident occurred.

Escobedo's third issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Rebecca Simmons, Justice

DO NOT PUBLISH