# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00338-CR

**Sean Lee McIntosh, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 06-7423-1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Sean Lee McIntosh guilty of driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04 (West 2003). Punishment was assessed at ninety days in jail and a $2000 fine, imposition of sentence was suspended, and appellant was placed on community supervision. In a single point of error, appellant contends that the trial court erred by admitting testimony regarding field sobriety tests as expert opinion evidence. Although we agree that the complained-of testimony may have been improper, reversible error is not presented because the issue was not preserved for appeal and appellant's substantial rights were not affected. Accordingly, we affirm the conviction.

Jeremy Manning testified that he was driving home from work late on the night of September 7, 2006, when a yellow Jeep swerved and cut in front of him on an off-ramp, coming "within about a foot" of hitting his front bumper. Debi Estes was stopped at a red light on the access

road a short distance from the off-ramp. Estes testified that she watched in her mirror as the yellow Jeep approached her from the rear. Estes said that after stopping behind her car, the Jeep began "bumping up and down. You know, their headlights were going up and down like with the revving of the engine." Before the light could change, the Jeep lurched forward and struck the rear of Estes's car.

Both Estes and Manning, who had stopped after seeing the collision, approached the Jeep and found appellant motionless behind the wheel, with a blank expression. Appellant got out of the Jeep and joined Estes and Manning as they examined the damage to the vehicles. Appellant was argumentative and denied damaging Estes's car. Estes and Manning testified that appellant's speech was slurred, he was unsteady on his feet, and he had the odor of an alcoholic beverage about him. Eventually, appellant sat down in the street behind Estes's car. Both witnesses testified that appellant appeared to be intoxicated. Austin police officer Michael Joseph was dispatched to the scene, and he also testified to appellant's apparent intoxication. Joseph called for a special "DWI unit" to investigate whether appellant had been driving while intoxicated.

Officer Roman Santos of the police department's DWI enforcement unit was sent to the scene in response to Joseph's call. Santos testified to his extensive training and experience in DWI investigations and stated that he was certified to administer the standardized field sobriety tests. Like the other witnesses, Santos noticed that appellant smelled of alcoholic beverage and displayed the usual signs of intoxication. Appellant told Santos that he was not ill or injured, and he admitted having consumed four shots of tequila during the course of the evening.

2

Santos testified that he administered four field sobriety tests to appellant on the night in question: the three standardized tests that are routinely used (the horizontal gaze nystagmus (HGN) test, the walk-and-turn test, and the one-leg stand test) and the Rhomberg balance test (which involves standing with one's eyes closed for thirty seconds). Santos described each test and testified that in each, appellant displayed all or most of the clues indicating intoxication. A video unit in Santos's patrol car recorded the field tests as they were administered, and this video was admitted in evidence and shown to the jury.

In his point of error, appellant complains that Santos was improperly allowed to testify that the walk-and-turn and one-leg stand tests have been scientifically validated and that the results of those tests are scientific evidence of intoxication. Before directly addressing this contention, we review the nature of the three standardized field sobriety tests and the bases for admitting the test results into evidence.

The HGN test is a scientific test. *Emerson v. State*, 880 S.W.2d 759, 764 (Tex. Crim. App. 1994). The HGN test is based on scientific theory, and HGN test results are admissible under rule 702 when the test is properly administered by a qualified officer. *Id*. at 768-69; *see* Tex. R. Evid. 702; *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); *Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992). The walk-and-turn and one-leg stand tests, on the other hand, are not grounded in science. Instead, they are based on the common knowledge that excessive alcohol consumption can cause problems with coordination, balance, and mental agility, and the tests are designed to reveal such problems. *McRae v. State*, 152 S.W.3d 739, 745 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). Texas courts have held that because a police officer's

3

testimony describing the coordination, balance, and mental agility problems exhibited by a suspect during these tests are observations based on common knowledge, such testimony constitutes lay opinion testimony under rule 701 and not expert opinion testimony under rule 702. *Plouff v. State*, 192 S.W.3d 213, 223-24 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *McRae*, 152 S.W.3d at 745-46; *Smith v. State*, 65 S.W.3d 332, 347 (Tex. App.—Waco 2001, no pet.); *see* Tex. R. Evid. 701. In its brief, the State acknowledges the holdings in these opinions and does not contend that the walk-and-turn and one-leg stand tests are grounded in scientific principles.

An officer's testimony regarding a suspect's performance in the walk-and-turn and one-leg stand tests can cross the line from permissible lay opinion to impermissible expert opinion testimony. In *Smith*, for example, an officer was allowed to testify that there is an eighty-three percent probability that a suspect who exhibits two or more clues on the one-leg stand test is legally intoxicated, and a seventy-nine percent probability that a suspect who exhibits two or more clues on the walk-and-turn test is legally intoxicated. 65 S.W.3d at 346. The court of appeals held that this testimony improperly gave these tests an imprimatur of scientific accuracy and may have caused the jury to give the test results undue significance as scientific truths. *Id*. at 347.[1]

Appellant argues that although Santos did not ascribe a precise alcohol concentration to appellant based on the field test results, he nevertheless gave an imprimatur of scientific accuracy to the walk-and-turn and one-leg stand tests by testifying that these tests had been scientifically validated. When asked by the prosecutor to describe the HGN test, Santos testified that he looked

---

[1] Even the scientifically reliable HGN test cannot be used to quantify a suspect's alcohol concentration. *Emerson v. State*, 880 S.W.2d 759, 769 (Tex. Crim. App. 1994).

for "these scientifically validated clues, the eyes will noticeably jerk as they gaze toward the side." Although this testimony was not improper, Santos used the same terminology when describing the other standardized tests. Santos testified that during the instruction phase of the walk-and-turn test, "there are two clues, two validated clues that I'm looking for." Similarly, Santos testified that "[t]here's four validated clues of impairment that I'm looking for" in the one-leg stand. When describing the Rhomberg balance test, Santos testified that "it is not a scientifically validated test but it is a useful tool to uncover any indications of intoxication," thereby suggesting that the other field tests are scientifically validated. When asked the basis for his conclusion that appellant was intoxicated, Santos replied, "That is based on the totality of the circumstances of everything that I observed that night, all the indicators of intoxication, my training, my experience and the validated clues of impairment." Later, during cross-examination, Santos explained that he did not consider the rate at which alcohol is metabolized in forming his opinion that appellant was intoxicated because, "I use the clues, the validated clues of intoxication that tell me whether they're intoxicated or not. It's as simple as that."

Texas courts have held that an officer who uses terms such as "test," "standardized clues," or "divided attention" when describing the walk-and-turn and one-leg stand tests is not testifying as an expert or giving those tests a scientific patina that they do not deserve. *Plouff*, 192 S.W.3d at 224; *McRae*, 152 S.W.3d at 746. This Court has expressed the same view in an unpublished opinion. *Taylor v. State*, No. 03-03-00624-CR, 2006 Tex. App. LEXIS 5148, at *35 (Tex. App.—Austin June 16, 2006, pet. ref'd) (mem. op., not designated for publication). But by repeatedly testifying that the walk-and-turn and one-leg stand tests provide "validated" or

5

"scientifically validated" clues of impairment, Santos gave these tests an imprimatur of scientific accuracy that they have not been shown to possess and that, in any event, he was not shown qualified to confer. *See McRae*, 152 S.W.3d at 747 (assuming without deciding that officer's testimony that one-leg stand test was "recognized" and "certified" by highway safety agency constituted expert testimony).

Any error was not preserved, however, because appellant did not object to Santos's testimony on this basis. After questioning Santos outside the jury's presence regarding his training and experience, appellant's counsel objected, "This witness has not stated with sufficient specificity anything regarding [the] underlying facts or data which would give him the ability to testify regarding the foundational science for which he is brought here today to testify about. His training is about the application." Counsel added, "My objection is specifically to the scientific relevance and reliability of the science itself. That's the objection. Not his knowledge from learning about application of the science. I'm questioning the foundation itself of this science for all three."

Insofar as appellant was urging that the HGN test was not shown to be scientifically reliable or that Santos was not qualified to testify regarding the scientific basis of the test, the objection was properly overruled because the reliability of the science was recognized in *Emerson*.[2] *See* 880 S.W.2d at 768-69. As applied to the walk-and-turn and one-leg stand tests, appellant's objection assumed, contrary to his contention on appeal, that the tests are based on scientific principles. The objection that Santos was not qualified to testify regarding those principles was

---

[2] Appellant did not challenge Santos's qualifications for administering the field sobriety tests. He did later seek to impeach Santos's testimony regarding the HGN test results by suggesting that the test was not properly administered.

properly overruled because these tests, as appellant now argues, are grounded in common knowledge, not science. Santos could testify as a lay witness under rule 701 that appellant's lack of coordination, balance, and mental agility during these tests were indicative of intoxication. *See Plouff*, 192 S.W.3d at 223-24; *McRae*, 152 S.W.3d at 745-46; *Smith*, 65 S.W.3d at 347.

Later, appellant voiced no objection when Santos testified that the walk-and-turn and one-leg stand tests provide scientifically validated clues of intoxication. During his cross-examination of Santos, appellant's trial counsel (who is not appellant's attorney on appeal) asked if it were not true that the "only three recognized tests that are scientifically validated are the horizontal gaze nystagmus, the walk and turn and the one leg stand, correct?" Santos replied that this was correct. Far from objecting, counsel asserted in this question that the walk-and-turn and one-leg stand tests are scientifically validated and asked Santos to confirm that fact.

Finally, even if the error was preserved, the admission of the challenged testimony did not affect appellant's substantial rights. *See* Tex. R. App. P. 44.2(b). There was substantial evidence of appellant's intoxication, including his admission that he had consumed four shots of tequila and the testimony of four witnesses describing his reckless driving, odor of alcoholic beverage, bloodshot eyes, slurred speech, and lack of balance. In addition, Santos testified to the incriminating results of the field sobriety tests, and the jury saw and heard appellant on the video recording. Although the prosecutor emphasized the field test results during his final argument, he did not assert that these results were scientific proof of intoxication. Under the circumstances, there is a fair assurance that Santos's testimony that the walk-and-turn and one-leg stand tests are

7

scientifically valid indicators of intoxication had little or no affect on either the finding of guilt or the punishment assessed.

The point of error is overruled, and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson
  Concurring Opinion by Justice Puryear

Affirmed

Filed:  February 4, 2010

Do Not Publish