**Opinion issued March 13, 2014.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00235-CR**

———————————

**RONALD EUGENE DIBELLO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1263067**

## O P I N I O N

A jury convicted Ronald Dibello of indecency with a child and assessed punishment at three years' confinement. On appeal, Dibello contends that the trial court abused its discretion in admitting a videotaped interview of B.C., the complainant. Finding no error, we affirm.

## Background

In 2008, B.C. and his mother, Christy Cushman, moved from Harris County, Texas to Tennessee. In January 2010, B.C., an eleven–year–old child who lived in Tennessee at the time, complained to his mother, Christy Cushman, that his penis hurt. Christy was concerned because B.C. had complained to her of similar pain several times. She explained to B.C. that it was inappropriate for anyone to touch his penis and told him that she had been inappropriately touched when she was a young girl. Ten minutes later, B.C. called for Christy. B.C. told her that Dibello, his step–grandfather, had touched his penis during a visit to Dibello's residence in Harris County, Texas.

The following month, B.C. participated in a videotaped interview with a children's services agency in Tennessee. In the interview, B.C. stated that (1) B.C. had seen Dibello ejaculate; (2) Dibello had touched B.C.'s penis; (3) Dibello had placed B.C.'s hand on Dibello's penis; (4) Dibello had tried to perform anal sex on B.C.; and (5) Dibello had asked B.C. to perform anal sex on Dibello. In May 2010, B.C. filed a complaint in Harris County, Texas. In August 2010, a Harris County grand jury indicted Dibello for indecency with a child.

*Course of proceedings*

At trial, B.C. testified that Dibello had committed the five acts that he had described in his earlier interview. During cross–examination, Dibello's counsel

2

stated, "So, we know what your counselors have told you and what the D.A.'s have told you and the police have told you . . . I want to know what you know." Over Dibello's hearsay objection, the State proffered B.C.'s videotaped interview as a prior consistent statement under Texas Rule of Evidence 801(e)(1)(B). During closing argument, Dibello's counsel argued, "[O]bviously [B.C.] didn't know what happened to him except for what was put in his mind." Dibello's counsel also argued that B.C. changed his story between the interview and the trial.

## Discussion

Dibello contends that the trial court abused its discretion in admitting the videotaped interview of B.C., asserting that the recorded interview does not fit within the prior–consistent–statement hearsay exception. *See* TEX. R. EVID. 801(e)(1)(B). Dibello complains that (1) B.C.'s earlier interview is inconsistent with his testimony at trial; and (2) B.C.'s interview does not predate improper influences on B.C., and thus the statement is unreliable as a prior consistent statement.

### *Standard of Review*

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*,

268 S.W.3d 571, 579 (Tex. Crim. App. 2008). A trial court does not abuse its discretion if some evidence supports its decision. *Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002). We uphold a trial court's evidentiary ruling if it was correct on any theory of law applicable to the case. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

*Consistency*

A prior statement may be admitted if it is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." TEX. R. EVID. 801(e)(1)(B). Both in the interview and at trial, B.C. testified consistently to the elements of the offense. But Dibello contends that B.C. provided details in his testimony that he did not mention in his earlier interview, and thus the trial court erred in admitting it. Dibello's argument is without merit. A prior consistent statement need only be "generally consistent" with the declarant's testimony. *Hammons v. State*, 239 S.W.3d 798, 804 (Tex. Crim. App. 2007); *see also Williams v. State*, No. 14-11-01068-CR, 2013 WL 84903, at *7 (Tex. App.— Houston [14th Dist.] Jan. 8, 2013, pet. ref'd) (mem. op., not designated for publication) (holding there was no inconsistency where victim's testimony described forcible sexual contact whereas victim's prior journal entries merely described defendant trying to get victim to perform sex act). Because B.C.'s

4

earlier statement did not differ in relevant substance with his in–court testimony, we hold that the statement was generally consistent and thus could rebut a charge of recent fabrication. *See Hammons*, 239 S.W.3d at 804.

*Timing*

In his cross–examination of B.C. at trial, Dibello's counsel suggested that prosecutors and police officers had improperly influenced or suggested B.C.'s testimony. B.C.'s Tennessee interview occurred in February 2010 in Tennessee. In May 2010, B.C. filed a complaint in Harris County, Texas, and in August 2010, a Harris County grand jury indicted Dibello for indecency with a child. B.C.'s interview thus predates the prosecution's alleged improper influences. Additionally, during closing argument, Dibello's counsel claimed that, in the interview, B.C. stated that Dibello ejaculated onto a mattress, whereas at trial, B.C. testified that Dibello ejaculated onto his own leg. Dibello's counsel argued that "adults" told B.C. to change this detail because, otherwise, the State would be forced to find and recover Dibello's DNA from the mattress to prove its case. *See Hammons*, 239 S.W.3d at 808 (holding that appellate court may consider closing argument in determining whether there was implied charge of improper influence).

Dibello observes that B.C.'s interview does not predate each of the improper influences that Dibello's counsel suggested in cross–examination. For instance, Dibello's counsel suggested that, before the interview, Christy improperly

5

influenced B.C. by telling B.C. that she was inappropriately touched when she was a young girl. A prior consistent statement, however, need not predate each alleged improper influence; it need only predate one alleged improper influence. *Dowthitt v. State*, 931 S.W.2d 244, 264 (Tex. Crim. App. 1996) ("The rule requires merely that the witness' prior consistent statement be offered "to rebut *an* express or implied charge against him or recent fabrication or improper influence or motive."). We hold that B.C.'s Tennessee interview predated at least one of the improper influences alleged by Dibello's counsel.

## Conclusion

Because B.C.'s interview was consistent with his trial testimony, and it predated an alleged improper influence on B.C.'s testimony, the trial court did not abuse its discretion in admitting the statement into evidence to rebut an allegation of recent fabrication. Accordingly, we affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Brown.

Publish.

6