**AFFIRM; and Opinion Filed June 20, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00869-CR

**JOSE INEZ MARTINEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F-1300328-Y**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang, and Justice Brown
Opinion by Justice Brown

Appellant Jose Inez Martinez appeals his jury conviction for aggravated sexual assault of a child under fourteen years of age. After finding appellant guilty, the jury assessed punishment at forty-five years' confinement. In a single issue, appellant asserts the trial court erred in overruling his objection to speculative testimony. For the following reasons, we affirm.

The grand jury indicted appellant for sexually assaulting his eleven-year-old daughter, R.M. by causing the penetration of her sexual organ with his tongue. At the time of trial, R.M. was twenty-five years old. She testified one night, when she was in fifth grade, she fell asleep on the couch in their living room. She woke up when appellant pulled off her pants and began

"licking . . . . [her] vagina." R.M.'s mother walked in during the assault. Her mother reported the offense to police almost immediately and appellant was arrested.[1]

That was the last time appellant sexually assaulted R.M., but it was not the first. R.M. testified the first assault she can remember occurred when she was about seven years old. On that occasion, R.M. remembers going up the stairs of their house, where appellant's bedroom was located. When she saw appellant was alone in his room, she turned to go back down the stairs, but appellant called her back into his room. During that assault, appellant caused R.M. to perform oral sex on him. When the prosecutor asked R.M. if she knew if that was the first time the offense had occurred, R.M. responded she doubted it. The prosecutor asked her why she doubted it. Appellant objected that the question called for speculation. The trial court overruled appellant's objection, and instructed R.M. she could testify if she knew. R.M. responded that she guessed she already knew what was about to happen because, when she saw appellant alone in his room, she tried to go back down the stairs.

On appeal, appellant asserts the trial court erred in overruling his speculation objection. We review a trial court's evidentiary rulings for an abuse of discretion. *Bowley v. State*, 310 S.W.3d 431, 434 (Tex. Crim. App. 2010). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

A speculation objection is directed to the witnesses lack of personal knowledge. *Brumfield v. State*, 05-11-00816-CR, 2012 WL 3711742, at *1 (Tex. App.—Dallas Aug. 29, 2012, no pet.). Under Texas Rule of Evidence 602, a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of

---

[1] The Dallas District Attorney began an investigation, but closed the case after R.M. and her mother signed affidavits of non-prosecution and moved to Mexico. Several years later, on its own accord, the District Attorney reopened the case.

the matter. TEX. R. EVID. 602. Rule 702 explains the personal knowledge requirement for lay witness opinion testimony. *See Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002). It provides that a lay witness's opinion testimony must be rationally based on the witness's own perception. TEX. R. EVID. 702; *Osbourn*, 92 S.W.3d at 535. Under rule 702, a witness's testimony may therefore include opinions, beliefs or inferences, as long as they are drawn from his or her own personal knowledge, experiences and observations. *Osbourn*, 92 S.W.3d at 535.

On appeal, appellant complains of the prosecutor's question asking R.M. to explain why she doubted that the first assault she could remember was the first assault that occurred. According to appellant, the question necessarily called for speculation because R.M. did not have an independent memory of a prior assault. Therefore, he asserts she had no personal knowledge to testify to the matter. We disagree. We conclude the trial court have reasonably determined R.M. had sufficient personal knowledge, based on her own perception and memory of the incident she did remember, to explain why she believed that incident was not the first time she was sexually assaulted by her father. We resolve the sole issue against appellant.

We affirm the trial court's judgment.


/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX R. APP. P. 47.2(b)

140869F.U05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOSE INEZ MARTINEZ, Appellant

No. 05-14-00869-CR         V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F-1300328-Y.
Opinion delivered by Justice Brown. Chief
Justice Wright and Justice Lang
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of June, 2016.