

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00079-CR

KRISTIAN OMAR CHAVARRIA-PALACIO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 082523-E-CR, Honorable Douglas R. Woodburn, Presiding

November 15, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Kristian Omar Chavarria-Palacio, appeals from his conviction for sexual assault. The State originally charged him with two counts of aggravated sexual assault. Through Count One, it alleged he penetrated the anus of his ex-wife with his sex organ, without her consent, while using or exhibiting a firearm. Count Two involved his penetration of her mouth with his sex organ while using or exhibiting a firearm. The jury ultimately found him not guilty of Count Two but guilty of the lesser-included offense of

sexual assault implicit within Count One. Five issues pend for review. We overrule each as discussed below and affirm.

### Background

Appellant's ex-wife fell victim to a sexual assault. By then, she and appellant had separated after living together for ten years and conceiving offspring. The assault occurred after she fell asleep in her bedroom and was awakened by a male. The latter forcibly, and without her consent, penetrated her anus and mouth with his penis while purportedly striking her with what she perceived to be a firearm. Ex-wife did not immediately recognize the assailant given her surprise and lack of light in the room.

Yet, her anus was swabbed for DNA evidence. The DNA gathered was then analyzed. Results of that analysis indicated that the likelihood of the assailant being appellant was 41,500 times greater than the likelihood of it being someone else. As the expert explained: "the probability of observing the [DNA] profile that I did on the evidence . . . is 41,500 times more likely to observe that profile if the victim and [appellant] were the contributors than if it was the victim and some other random person." The trial court admitted these results into evidence at trial. It was accompanied by the victim's testimony during which she ultimately identified appellant as her attacker. Thereafter, the jury reached the verdict mentioned above.

### Issues One and Two—Sufficiency of the Evidence

Through his first two issues, appellant contends the evidence was insufficient to support his conviction for two reasons. First, the verdict was illogical and, second, deficient evidence established the identity of the assailant as appellant. We overrule each issue.

2

The standard used for assessing the sufficiency of the evidence is well-established and described in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) and *Alfaro-Jimenez v. State*, 577 S.W.3d 240 (Tex. Crim. App. 2019). We apply it here.

Regarding issue one, it is founded on the premise that 1) "the jury found Appellant not guilty on Count 1" which "necessarily involved a determination that the fact finders could not unanimously agree anal penetration occurred" and 2) "the jury found Appellant guilty of only the lesser included offense of sexual assault for Count Two" which "necessarily involved a determination that the fact finders could not unanimously agree a firearm was used or exhibited." Consequently, in appellant's estimation, "[t]his verdict, whether indicative of a compromise or otherwise, is neither logical nor supported by sufficient evidence, and thus Appellant's conviction cannot stand." We disagree for several reasons.

First, appellant mistakenly suggests that the jury found him guilty of the lesser offense of sexual assault implicit in Count Two. Rather, it found him guilty of sexual assault implicit in Count One, that assault consisting of his penetration of the victim's anus with his sex organ and without her consent. And, one must remember that DNA swabs were taken of the victim's anus but not of her mouth. Analysis of those swabs illustrated the likelihood of appellant's having left the DNA found around the victim's anus. No such additional proof supported the victim's testimony about being orally assaulted. The jury being free to determine the weight and credibility of the evidence presented, *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017), it could well have viewed the DNA

results sufficient to establish appellant as the assailant during the anal assault while rejecting the evidence that he brandished a firearm while so assaulting his ex-wife.

Second, the counts, as submitted to the jury in the court's guilt/innocence charge, were ungranulated. Thus, we know not the particular element or elements of each count that, according to the jury, the State failed to prove. To speculate is folly. To speculate as a means of rendering the verdicts on the two counts somehow illogical and fatally defective is impermissible. Again, the jury was free to conclude that appellant committed the anal assault but not the oral assault due to the DNA testing. It was free to conclude that he used a gun in neither assault. While one could be left scratching their head and asking "why?", that is not our prerogative. Instead, here, we merely assess whether sufficient evidence supports the verdict of guilty rendered on the lesser-included offense within Count One. *See Bautista v. State*, 619 S.W.3d 374, 378-79 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (stating that "[w]e disagree that the jury's decision to not convict appellant of the greater charge factors into our analysis of the sufficiency of the evidence supporting the lesser included offense conviction" and the court measures the legal sufficiency of the evidence by the elements as defined by a hypothetically correct jury charge for the lesser-included offense).

As for the sufficiency of the evidence establishing guilt for the lesser offense of sexual assault under Count One (i.e., issue two), we return to the aforementioned DNA evidence. To it we add the victim's testimony during which she uttered "I know it was him," the skin color of appellant's leg was similar to that of her attacker, the shape and size of the attacker's penis was similar to that of appellant, and the attacker had a breath

and body scent reminiscent of appellant's. The expert who conducted the DNA analysis also described the indication that the DNA found was appellant's as "moderate."

Admittedly, the victim's testimony was subject to question, and a jury could doubt her credibility. Yet, as stated earlier, that jury could also accept it as true and tie it with the DNA results. And, if it did, as the verdict suggests, there would be some evidence upon which a rational factfinder could conclude, beyond reasonable doubt, that appellant was the assailant.

### *Issues Three and Four—Admission of Law Enforcement Officer Testimony*

By his third and fourth issues, appellant complains of the trial court's admission of a police officer's testimony. He argues the trial court erroneously allowed the officer to testify as an expert witness. So too was that testimony purportedly inadmissible under Texas Rule of Evidence 403. We overrule the issues.

The admission or exclusion of evidence, including expert testimony, is reviewed for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82-83 (Tex. Crim. App. 2016) (addressing admission of evidence generally); *Brewer v. State*, 370 S.W.3d 471, 472 (Tex. App.—Amarillo 2012, no pet.) (addressing expert testimony). Under that standard, the ruling will not be disturbed so long as it is within the zone of reasonable disagreement. *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005). That is, the ruling must be so clearly wrong as to lie outside the realm within which reasonable people might disagree. *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). And, if correct on any theory of law applicable to the case, the ruling must be sustained. *Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002). Due to the latter, then, it is incumbent upon the appellant to, at the very least, address the possible grounds relied upon by the

trial court and explain why they were deficient. *See State v. Hoskins*, No. 05-13-00416-CR, 2014 Tex. App. LEXIS 9171, at *4 (Tex. App.—Dallas Aug. 19, 2014, no pet.) (mem. op., not designated for publication) ("An appellant, whether the State or the defendant, must challenge all independent bases or grounds that fully support a judgment or appealable order); *see also Stewart v. State*, No. 07-19-00012-CR, 2019 Tex. App. LEXIS 7265, at *5 (Tex. App.—Amarillo Aug. 16, 2019, no pet.) (mem. op., not designated for publication) (stating that when an unchallenged, independent ground supports the trial court's ruling, we must accept that unchallenged ground's validity).

Here, the trial court voiced the reasons for overruling appellant's objections. It said: "I'm going to overrule your objections, and the reason I'm going to is, first of all, I think the door has been opened. And, secondly, this witness has testified significantly about these very issues without objection up until this point. And, because of that, I am not going to now, all of a sudden, stop him from being able to do so, is my ruling." Appellant said nothing of these two grounds when urging us to find error in the ruling. Furthermore, an adversary opening the door to otherwise inadmissible evidence may legitimize the trial court's decision to admit that evidence. *See Hayden v. State*, 296 S.W.3d 549, 554 (Tex. Crim. App. 2009) (stating "[e]vidence that is otherwise inadmissible may become admissible when a party opens the door to such evidence"); *Dixon v. State*, No. 07-16-00058-CR, 2022 Tex. App. LEXIS 268, at *22-23 (Tex. App.—Amarillo Jan. 13, 2022, pet. ref'd) (mem. op., not designated for publication) (stating that "even if Haley's opinion about Shepard's truthfulness did not fall within Rule of Evidence 608, the trial court did not err in admitting the testimony because Dixon 'opened the door' by eliciting earlier testimony Shepard was telling the truth in the prior trial"). So, appellant

6

supposedly opening the door to the evidence may well provide sufficient basis for the court to rule as it did. The absence of attention to that possibility by appellant is problematic. In effect, it means he failed to carry his burden to show the trial court abused its discretion in admitting the officer's testimony.

### *Issue Five—In-Court Identification of Appellant*

Lastly, appellant challenges the trial court's admission of the victim's in-court identification of him as her assailant. When she made that identification, though, appellant did not object. Therefore, he waived the matter about which he now complains. *See Rodriguez v. State*, No. 07-04-0373-CR, 2005 Tex. App. LEXIS 1164, at *8 (Tex. App.—Amarillo Feb. 11, 2005, no pet.) (mem. op., not designated for publication) (per curiam) (stating that "the appellant must specifically object to the admission of the evidence during the trial" and "[b]ecause appellant did not so object at the time the evidence was offered at trial, he waived his complaint").

Having overruled each of appellant's issues, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.