In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-25-00430-CV**

**IN RE THOMAS JAMES RODRIGUEZ**

**Original Proceeding**
**1st District Court of Jasper County, Texas**
**Trial Cause No. 41692**

## MEMORANDUM OPINION

Thomas James Rodriguez filed a petition for a writ of mandamus seeking to compel the trial court to vacate temporary orders in a suit affecting the parent child relationship (SAPCR). He argues the trial court abused its discretion: (1) by issuing a temporary restraining order to protect the safety and well-being of his minor children from irreparable harm, ordered Rodriguez to appear remotely by Zoom on December 5, 2025, at 9:00 a.m. for the purpose of determining whether, while the case is pending, Rodriguez's access to the children should be denied or under continuous supervision, and whether he should be ordered to submit to random hair

follicle and urinalysis drug screenings; and (2) ordering Rodriguez to appear for a drug screening at a laboratory in Dallas on October 23, 2025, between the hours of 8:00 a.m. and 5:00 p.m. Rodriguez also filed a motion for temporary relief asking this Court to stay enforcement of the trial court's orders while we consider the mandamus petition. We deny the petition for a writ of mandamus and the motion for temporary relief.

Rodriguez argues the trial court based its ex parte orders on a "self-serving, unfounded affidavit" from the mother of the children. She declared under penalty of perjury that on September 5, 2025, Rodriguez arrived by car for an exchange of visitation. When he put the child in the car, Mother "immediately smelled an overwhelming amount of marijuana." Mother swore that when he returned the child two days later, she "smelled so badly of marijuana." On September 20, 2025, Rodriguez arrived in Beaumont to pick up the children for a day visit. According to Mother, the interior of the car smelled like marijuana.

Rodriguez argues Mother's declaration provides no support for the orders because Mother does not explain how she knows what marijuana smells like nor does she attest that she saw Rodriguez smoking marijuana. Marijuana is easily identifiable by its distinct smell. *Osbourn v. State*, 92 S.W.3d 531, 538-39 (Tex. Crim. App. 2002). Her declaration was based on her first-hand sensory experience. *See id*. Rodriguez argues Mother's declaration does not accuse him of being a

2

marijuana addict nor does she accuse him of current or past marijuana use that was detrimental to the children. There was evidence before the trial court that Rodriguez traveled from Dallas to Cleveland and his vehicle smelled strongly of marijuana when he drove back to Dallas with the child. We conclude this evidence was sufficient for the trial court to order drug testing and a hearing where Rodriguez would have an opportunity to confront Mother's allegations.

Rodriguez's argument that the trial court abused its discretion by temporarily restraining his access to the children is moot. The October 22, 2025, temporary restraining order expired by operation of law on November 5, 2025. Section 105.001 of the Family Code modifies some of the requirements of Rule 680, but it does not modify or waive the duration limitations of Rule 680. *In re J.S.N.*, No. 14-23-00205-CV, 2023 WL 3018010, at *2 (Tex. App.—Houston [14th Dist.] Apr. 19, 2023, orig. proceeding) (mem. op.). Rodriguez has not informed this Court that the trial court extended the temporary restraining order. Accordingly, we presume the temporary restraining order expired by operation of law on November 5, 2025. We deny the petition for a writ of mandamus and the motion for temporary relief. *See* Tex. R. App. P. 52.8(a), 52.10(a).

PETITION DENIED.

PER CURIAM

Submitted on November 19, 2025
Opinion Delivered November 20, 2025
Before Golemon, C.J., Wright and Chambers, JJ.

3