In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00102-CR

                                                ______________________________

 

 

                               GERALD MILLARD MARSH,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 124th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 37597-B

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter








                                                                   O P I N I O N

 

            Gerald
Millard Marsh appeals his conviction for aggravated assault with a deadly
weapon, sentence of fifteen years’ imprisonment, and fine of $10,000.00 on the
sole ground that the trial court erred in denying Marsh the right to utilize
Marcus Smith’s juvenile record to establish a theory of self-defense.  We affirm the trial court’s judgment. 

            The
following facts are not in dispute. 
Marcus Smith’s sister Felicia Smith stayed with Marsh in his home.  During the night, Marcus and his friend Keith
Bates paid a visit to Felicia to “[s]ee if she wanted to come drink with
us.”  Marsh answered the knocking at the
door and announced that he did not want Marcus in his home and desired that he
leave.  As a result of an altercation,
Felicia, Marcus, and Bates were located on the front yard.  Marcus retrieved a gun from within the home
and fired several shots through the open front door.  Felicia was shot and killed.  

            Marcus
claimed that Marsh answered the door and stated Felicia was asleep.  Marcus and Bates “got ready to leave, [and]
started heading back towards the truck” when Felicia “came out.”  She was arguing with Marsh.  Marcus testified, “I seen him hit her and
knock her off the porch. . . . I . . . walked towards her.  She was on the ground.  And [Marsh] went inside, [to] get his
gun.  And then when I see him come back,
I got up and ran beside Keith Bates’ truck and ducked down.”  According to Marcus, Marsh appeared
“aggressive, [and] mean,” and said, “he was tired of us, he was going to kill
everybody” as he opened fire.  Marcus
testified that he was not carrying a weapon that night.  

            Marsh
testified he was awakened by a “beating on the door.”  He opened the door to find Marcus and Bates,
who “had a can of beer in his hand.” 
Thinking “this was nothing but trouble,” he announced, “You-all are not
coming in my house.”  According to Marsh,
Marcus started “yelling and screaming,” “grab[bed] the door,” “knock[ed]” him
back, and “started swinging at [him] like he was crazy.”  Marsh claimed he fought back and “hit
[Marcus] right on the right side of his head,” but “[i]t was just a glancing
blow.”  Marsh claimed that when Felicia
witnessed Marcus get hit, “[s]he said, ‘You don’t hit my brother.’  And she hauls off and, ‘bam,’ hit [Marsh] on
the side of [his] head.”  Marsh continued
to describe a brawl in which Marcus and Felicia simultaneously attacked him in
his home.  He managed to get Felicia and
Marcus on the front yard, and ran inside to get his gun.  Marsh claimed, “[W]hen I ran back, I saw them
-- they looked like they were arguing over something.  I don’t know what it was.  All I remember, I saw a silver -- a little
silver thing . . . and in my panic and shock that I was in, I assumed this was
a small caliber weapon.”  After
retrieving the gun, Marsh “told them, you know, ‘Get out of my yard, get off my
property,’” before firing “warning shot[s].” 
Marsh claimed, “I tried to shoot over their heads, and that’s what -- what
I was doing.”  

            A
trial court’s decision to admit or exclude evidence is reviewed only for abuse
of discretion.  McDonald v. State, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005); Willover v. State, 70 S.W.3d 841, 845
(Tex. Crim. App. 2002).  A trial court
does not abuse its discretion if the decision to admit evidence is within the
“zone of reasonable disagreement.”  Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (op. on reh’g). 
We may not substitute our own decision for that of the trial court.  Moses
v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  If the trial court’s decision on the
admission of evidence is supported by the record, there is no abuse of
discretion, and the trial court will not be reversed.  Osbourn
v. State, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); Montgomery, 810 S.W.2d at 379. 


            Marsh
was charged with intentionally and knowingly threatening Marcus with imminent
bodily injury “by pointing a firearm in the direction of Marcus Smith, and . .
. us[ing] or exhibit[ing] a deadly weapon, to-wit:  a firearm, during the commission of said
assault.”  Rule 404(a)(2) of the Texas
Rules of Evidence allows admission of “evidence of a pertinent character trait
of the victim of the crime offered by an accused.”  Tex. R.
Evid. 404(a)(2).  Rule 405
provides that “[i]n cases in which a person’s character or character trait is
an essential element of a charge, claim or defense, proof may also be made of
specific instances of that person’s conduct.” 
Tex. R. Evid. 405(b).  Because Marsh asserted a self-defense claim,
testifying that Marcus assaulted him after he was asked to leave, Marsh wanted
to introduce a juvenile adjudication on Marcus’ record for attempted capital
murder during his direct testimony.  The
purpose for introduction of the records was to establish that his fear of
Marcus was reasonable. 

            However,
there was no testimony or argument presented that Marsh was, in fact, fearful
of Marcus on the basis of attempted capital murder which occurred over sixteen
years ago.  Nevertheless, Marsh complains
that the trial court’s ruling “denying the defendant the right to cross examine
Marcus Smith about his juvenile adjudication for attempted capital murder in
light of defendant’s claim of self-defense” was in error.[1]  To support his analysis, Marsh cites to Rule
404.  Yet, in accordance with Rule 404,
the trial court allowed Marsh to testify to Marcus’ character through opinion
and reputation testimony, but instructed Marsh not to address the juvenile
adjudication and underlying facts of the attempted capital murder.  Our review of Marsh’s briefing reveals no
complaint addressing Rule 405.  

            Juvenile
adjudications are generally not admissible in criminal cases unless the
evidence is required to be admitted by the Constitutions of the United States
or Texas.  Tex. R. Evid. 609(d). 
Marsh now argues that excluding evidence of Marcus’ juvenile
adjudication restricted his ability to attack Marcus’ credibility thereby
denying him his constitutional right of confrontation and
cross-examination.  Davis v. Alaska, 415 U.S. 308 (1974).  But at the trial court, the only basis
presented for admitting Marcus’ juvenile record was to establish the
reasonableness of Marsh’s fear of Marcus in support of his claim of
self-defense or his claim that Marcus was the aggressor.  The trial court was never presented with an
argument that Marsh’s constitutional right of confrontation was violated and,
therefore, it never had an opportunity to rule on that issue.  Failure to present the very complaint that is
made on appeal waives or forfeits the issue. 
Martinez v. State, 91 S.W.3d
331, 336 (Tex. Crim. App. 2002).  In any
event, under an abuse of discretion review, we will uphold the trial court’s
ruling on the admission or exclusion of evidence if the ruling was proper under
any legal theory or basis applicable to the case.  See id.
 In instructing Marsh not to testify
about the juvenile adjudication, the trial court stated:

The Court finds that even if that evidence is
probative, the danger of unfair prejudice substantially outweighs any probative
value.  Further, the Court finds that
those specific instances of conduct would be introduced merely just to show
conformity with character and do not go to the issue at hand.

 

Thus, it appears the trial
court’s ruling was also based on application of Rule 403.[2]  The court felt that even if the specific
instance of conduct, an attempted capital murder which occurred over sixteen
years ago, had some probative value on the issue of self-defense, the probative
value was substantially outweighed by the danger of unfair prejudice.  Our review of Marsh’s brief reveals that
there is no challenge to the trial court’s Rule 403 ruling.  Failure to challenge this independent ground
for exclusion of the evidence would allow us to uphold the trial court’s
ruling.  Dinger v. State, No. 12-06-000190-CR, 2007 WL 2257936, at *2 (Tex.
App.—Tyler Aug. 8, 2007, pet. ref’d) (mem. op., not designated for publication);
Whitehorn v. State, No. 10-02-00263-CR
2004, Tex. App. LEXIS 6373, at *4–5 (Tex. App.––Waco July 14, 2004, pet. ref’d)
(mem. op., not designated for publication) (“Appellant does not address the
State’s independent Rule 403 objection, and we may overrule his issue for that
reason alone.”).[3]


            Rather
than attacking the trial court’s ruling that the evidence was barred by Rule
403,  Marsh argues the trial court erred
in excluding the evidence because Marsh “sought to demonstrate his right of
self-defense” which would demonstrate a “reasonable fear of Marcus . . . .”  The evidence would have had “an effect on a
jury” and the violation of Marsh’s right of cross-examination is a
constitutional error that requires reversal. 
None of these arguments contend that the trial court erred in explicitly
finding that even if the evidence was relevant, it should be excluded because
the danger of unfair prejudice substantially outweighed its probative
value.  Therefore, we overrule Marsh’s
sole point of error.

            We
affirm the trial court’s ruling. 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          May
23, 2011

Date Decided:             June
10, 2011

 

Publish 











[1]Marsh
did not attempt to cross-examine Marcus about his juvenile record as suggested
by the point of error.  Prior to Marcus’
examination, Marsh entered into an agreement with the State that he would not
mention the juvenile adjudication.  





[2]“Although
relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice . . . .”  Tex.
R. Evid. 403.

 





[3]Even
though these unpublished opinions have no precedential value, we believe the
rationale and reasoning employed is sound.