13-258 (L)
USA v. Marsh

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand fourteen.

PRESENT: JON O. NEWMAN,
         DENNIS JACOBS,
         JOSÉ A. CABRANES,
                    **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         **Appellee**,

         -v.-                                    13-258
                                                 13-2549

PRINCE MARSH AKA Daddy, AKA Pop,
WILLIAM ANDERSON, AKA Anton, AKA A
Town,
         **Defendants-Appellants**.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:          ARZA FELDMAN, Feldman & Feldman, Uniondale, New York, for Defendant-Appellant Prince Marsh.

1

ALEXANDER E. EISENMANN, New York, New York, <u>for</u> Defendant-Appellant William Anderson.

**FOR APPELLEE:** DANIEL C. RICHENTHAL, Assistant United States Attorney (<u>with</u> Douglas B. Bloom and Brent S. Wible, Assistant United States Attorneys, <u>on the brief</u>), <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from judgments of the United States District Court for the Southern District of New York (Karas, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Prince Marsh and William Anderson (collectively, "Defendants") appeal from judgments of conviction entered on January 15, 2013, and May 6, 2013, respectively, following a two-week jury trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On June 13, 2011, Marsh, Anderson, and others were charged with a single count of conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine base, in the form commonly known as crack, in violation of 21 U.S.C. § 846. On August 2, 2011, Defendants were convicted of involvement in a conspiracy that did not involve more than 500 grams of powder cocaine or more than 50 grams of crack.

<u>Evidentiary Objection</u>. Over objection, the district court permitted Special Agent Stephen Tortorella of the Federal Bureau of Investigation ("FBI") to testify that he used a device called the "Cellebrite Universal Forensic Extraction Device" (hereinafter, "Cellebrite") to download and review the contents of two cellular phones belonging to Marsh's girlfriend. Defendants claim that this testimony improperly elicited expert opinion testimony from a non-expert witness.

2

We accord a district court's evidentiary rulings deference, and reverse only for abuse of discretion. United States v. Robinson, 702 F.3d 22, 36 (2d Cir. 2012). A district court has abused its discretion if its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or if its decision cannot be located within the range of permissible decisions. In re Sims, 534 F.3d 117, 132 (2d Cir. 2008).

"The Federal Rules of Evidence allow the admission of fact testimony so long as the witness has personal knowledge, see Fed. R. Evid. 602, while opinion testimony can be presented by either a lay or expert witness, see Fed. R. Evid. 701 & 702." United States v. Cuti, 720 F.3d 453, 457-58 (2d Cir. 2013) (internal quotation marks, punctuation, and citation omitted). "A witness's specialized knowledge, or the fact that he was chosen to carry out an investigation because of this knowledge, does not render his testimony 'expert' as long as it was based on his investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise[.]" United States v. Rigas, 490 F.3d 208, 224 (2d Cir. 2007).

Special Agent Tortorella explained his training in the use of Cellebrite technology to retrieve text messages and other data from a cellular phone; described how he used Cellebrite to do so in this case; and testified that he confirmed the results by checking the messages on the phone itself. He then testified to the contents of the messages retrieved from the phone. Tortorella did not purport to render an opinion based on the application of specialized knowledge to a particular set of facts; nor did his testimony turn on or require a technical understanding of the programming or internal mechanics of the technology.

Accordingly, the district court did not abuse its considerable discretion in permitting Special Agent Tortorella to testify to these facts pursuant to Rule 602.

Jury Instruction. Defendants argue that the conspiracy charge was defective. "We review jury charges de novo, reversing only where a charge either failed to inform the jury adequately of the law or misled the jury about the correct legal rule." United States v. Ford, 435 F.3d 204, 209-10 (2d Cir. 2006) (internal citations omitted).

Defendants argue that a single sentence of the conspiracy instruction, read in isolation, suggests that a defendant may be convicted without the jury finding that the defendant joined the conspiracy with an intention to further its objective. However, "[w]e do not 'review portions of [jury] instructions in isolation, but rather consider them in their entirety'" to determine whether they were adequate. Id. at 210 (quoting United States v. Weintraub, 273 F.3d 139, 151 (2d Cir. 2001)).

The district court's instruction clearly (and repeatedly) emphasized the Government's burden to prove a defendant's knowledge of and specific intent to further the aims of the charged conspiracy. See, e.g., Anderson Br. 14 ("'Again, what is necessary is that the Defendant must have joined in the conspiracy with knowledge of at least some of its purposes or objectives and with the intention of aiding in the accomplishment of those unlawful ends.'") (citing Trial Tr., at 2586, Aug. 1, 2011); id. at 13 ("'The key question, therefore, is whether the Defendant you are considering joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement and with the specific intention to further those aims and purposes." (emphasis in original) (citing Trial Tr., at 2584, Aug. 1, 2011)). As Defendants concede, the district court's instruction tracked Judge Sand's model instruction on conspiracy, see 1 L. Sand et al., Modern Federal Jury Instructions 18-6, which is "routinely charge[d]" in order "to ensure that jurors do not mistakenly conflate the knowledge and intent aspects of the mens rea necessary to prove a defendant's joinder in a conspiracy." United States v. Svoboda, 347 F.3d 471, 479 n.8 (2d Cir. 2003).

Viewed in its entirety, the charge clearly set forth the elements of conspiracy and "fairly and accurately encompasse[d] the theory of the defense[.]" United States v. Luis, 835 F.2d 37, 40 (2d Cir. 1987). That is all the law requires.

Jury Deliberations. Finally, Defendants argue that the district court's response to a jury note was erroneous and misleading. "The trial court enjoys considerable discretion in construing the scope of a jury inquiry and in framing a response tailored to the inquiry." United States v. Rommy, 506 F.3d 108, 126 (2d Cir. 2007) (citation omitted). Any supplemental charge given by the trial court must be

4

considered "in its context and under all the circumstances." Lowenfield v. Phelps, 484 U.S. 231, 237 (1988) (internal quotation marks omitted).

On August 2, 2011, after the jury had begun its deliberations, the jury sent this not:

> Q. If we don't find the defendant possessed 50 grams of crack or 500 mg[1] of cocaine but we determine a conspiracy exists, is he guilty?

Trial Tr., at 2642, Aug. 2, 2011. In response, the district court explained that the jury could find a defendant guilty only if it found that that defendant had joined a conspiracy to distribute one or more controlled substances, irrespective of whether it found that the defendant was responsible for less than 50 grams of crack or 500 grams of cocaine.[2] Thus, the district court reasonably interpreted

---

[1] The district court assumed that the jury note meant to say "grams."

[2] The district court's full response:

> [T]he answer to your question is no, because in addition [to] proving that a conspiracy existed, the Government also must prove beyond a reasonable doubt that the defendant you are considering was a member of that conspiracy. If you do not find those two elements proven beyond a reasonable doubt as to the defendant you are considering, you must acquit that defendant. If, however, you unanimously conclude that these elements have been proven beyond a reasonable doubt, then you should convict that defendant even if you find that the defendant was involved in less than 50 grams of crack and/or 500 grams of cocaine. In other words, the weight of the controlled substances is not an element you must determine in deciding whether the defendant you are considering is guilty of the conspiracy charged in the Indictment.

Court's Ex. L, Aug. 2, 2011.

the note's primary concern and crafted a response both legally accurate and "fair to both sides." <u>United States v. GAF Corp.</u>, 928 F.2d 1253, 1263 (2d Cir. 1991). This was no abuse of discretion.

For the foregoing reasons, and finding no merit in Defendants' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK