**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30144 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-00092-RRB-1 |
| v. | |
| STUART T. SEUGASALA, AKA Tone, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30150 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-00031-HRH-1 |
| v. | |
| STUART T. SEUGASALA, AKA Tone, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30151 |
| Plaintiff-Appellee, | D.C. No. 3:00-cr-00056-HRH-1 |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

STUART T. SEUGASALA, AKA Tone,

Defendant-Appellant.

Appeals from the United States District Court
for the District of Alaska
H. Russel Holland, District Judge, Presiding

Argued and Submitted July 14, 2017
Seattle, Washington

Before: NGUYEN, FARRIS, and MURPHY,[**] Circuit Judges.

Stuart Seugasala appeals his convictions following a jury trial for conspiracy to distribute controlled substances, kidnapping, use of firearms in furtherance of drug conspiracy, use of firearms in furtherance of kidnapping, and unauthorized disclosure of health information. He also appeals the district court's revocations of supervised release based on these convictions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not violate Seugasala's right to represent himself under *Faretta v. California*, 422 U.S. 806 (1975). Seugasala's comments to the effect that he would rather represent himself—made at the end of a lengthy hearing about his request for substitute counsel—were equivocal when viewed in context. But even assuming that Seugasala unequivocally invoked his right to represent

---

[**] The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

2

himself, the district court's finding that he did so for purposes of delay was not clearly erroneous. The request was made on the eve of trial, and the district court had earlier found that substituting counsel would require the trial to be continued for another six months. The court also noted the excessive delays in the case, with five previous continuances of the trial. The court also found that Seugasala "appears to be working to manipulate the system and unnecessarily delay final resolution of this matter." Viewed in context, the district court reasonably viewed Seugasala's belated request as a further attempt to delay the trial. *See United States v. George*, 56 F.3d 1078, 1084 (9th Cir. 1995) (holding that the district court did not err in finding that a defendant's motion to proceed pro se was made for the purposes of delay, in part because the defendant's pre-trial conduct had caused substantial delay and because he had failed to bring the motion earlier than the eve of trial); *see also United States v. Kaczynski*, 239 F.3d 1108, 1117 (9th Cir. 2001) (finding that a defendant's pro se request necessarily implicated "considerable delay" because of the complexity of his case).

2. The district court properly denied Seugasala's motion to dismiss his indictment on the ground that it violated his right to a grand jury drawn from a fair cross-section of the community. Although Pacific Islanders likely qualify as a "distinctive group" in Alaska, Seugasala concedes that the absolute disparity between Pacific Islanders in the population and the grand jury pool was only

approximately 0.5%, a gap too small to "substantially affect the representation of the group in the actual jury pool." *United States v. Hernandez-Estrada*, 749 F.3d 1154, 1165 (9th Cir. 2014) (en banc). Seugasala also failed to marshal sufficient empirical evidence demonstrating that the underrepresentation of Pacific Islanders was due to systematic exclusion of the group. *See id.* at 1166.

3. The evidence belies Seugasala's claim that the asportation of the victims was merely incidental to his assault and, therefore, the kidnapping convictions must be overturned. Seugasala forced the victims out of the apartment where the assault occurred and took them to a strip club and while there, he denied their requests to leave for the hospital. At a minimum, the asportation of the victims from the apartment to the club was not merely incidental to the assault.

4. The district court did not plainly err by admitting evidence obtained from the traffic stop, which Seugasala argues was unlawfully prolonged. First, the record does not clearly show that the stop was even prolonged by the phone call that the officers made to Seugasala's probation officer. The traffic stop in its entirety appeared to have lasted approximately ten minutes. Second, unlike in *Rodriguez v. United States*, 135 S. Ct. 1609 (2015), where the officers lacked reasonable suspicion to prolong a motorist's detention, the probation officer had reasonable suspicion that Seugasala had committed several serious crimes.

5. The district court did not plainly err in denying Seugasala's motion to

4

suppress evidence obtained from the May 20 and June 12 searches. Seugasala's terms of supervision required him to submit to warrantless searches of his property based on reasonable suspicion. Under the circumstances here, the seizure of his electronic devices in order to effectuate the searches was implicit. Law enforcement had reasonable suspicion that a forensic search of the electronic devices would provide evidence of serious offenses and obtained search warrants before searching the devices.

6. The district court did not plainly err by admitting evidence obtained from cell phone downloads without expert testimony. The officers who followed the software prompts from Cellebrite and XRY to obtain data from electronic devices did not present testimony that was based on technical or specialized knowledge that would require expert testimony. *See* Fed. R. Evid. 701(c).

7. The district court did not abuse its discretion when it admitted evidence about the Denny's shooting. This evidence was critical to one of the counts of unauthorized disclosure of health information, as it explained Seugasala's motive for obtaining the illegal information. While Seugasala now argues that the district court should have severed that charge because the probative value as to the remaining charges was substantially outweighed by prejudice under Rule 403 of the Federal Rules of Evidence, he failed to request severance of the charges. Therefore, he waived any right to severance. *See United States v. Heuer*, 4 F.3d

723, 733 (9th Cir. 1993).

8.   Even if the district court erred in admitting the video of the assault, any error was harmless.  The evidence that Seugasala committed the offenses was overwhelming, including the testimony of both kidnapping victims, two charged co-conspirators, Seugasala's ex-girlfriend, and Seugasala's own testimony.  The government has therefore satisfied its burden of demonstrating that it is more probable than not that the introduction of the video did not materially affect the verdict.  *See United States v. Waters*, 627 F.3d 345, 358 (9th Cir. 2010).

9.   The district court did not clearly err in admitting statements from Seugasala's son as co-conspirator statements.  *United States v. Moran*, 493 F.3d 1002, 1010 (9th Cir. 2007).  There was ample evidence that the conspiracy was continuing, including Seugasala's orders from jail to criminal associates and his instructions to his son to count his drugs and weapons.

10.  Because we affirm Seugasala's convictions, we need not address his supervised release revocations arguments, which rely on vacating the convictions.

**AFFIRMED.**