**Affirm and Opinion Filed June 30, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00714-CR**

**MIGUEL ANGEL VILLAREAL-GARCIA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82170-2022**

## OPINION

Before Justices Reichek, Nowell, and Garcia
Opinion by Justice Nowell

A jury convicted appellant Miguel Villareal-Garcia of online solicitation of a minor and sentenced him to five years in prison. In a single issue, he argues the trial court abused its discretion by allowing an unqualified witness to provide unreliable expert testimony regarding cellphone data extraction and admitting the extracted text messages into evidence. We adopt the Fort Worth Court of Appeals' reasoning in *Wright v. State*, 618 S.W.3d 887 (Tex. App.—Fort Worth 2021, no pet.), wherein

the court concluded the State was not required to establish a *Kelly*-style reliability[1] predicate through expert testimony "for such a basic technique." We affirm the trial court's judgment.

## Background

Officer Lee McMillan worked in the child exploitation unit with the Collin County Sheriff's Office. As part of an undercover operation, he took a photograph of an adult female coworker and used age regression software to create a photograph of a fifteen-year-old girl. He placed the photograph on several websites using the name "Peyton" and provided his contact number.

Around October 1, 2021, appellant first texted "Peyton," and the two continued exchanging text messages for the next several weeks. Appellant asked if she wanted to make love, and she answered, "I'm up for making love if you're okay I'm 15." She also told appellant she did not want to get "preggers" so he would need to use a condom or get Plan B. Appellant acknowledged "Peyton" was fifteen and wanted to "do the love with" her but did not want to go to jail because of her age.

On October 26, 2021, appellant and "Peyton" arranged to meet at a park near her home that "ha[d] places we can hide." Appellant asked for directions, confirmed

---

[1] In *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992), the court explained that evidence derived from a scientific theory must satisfy three requirements to be considered reliable: (1) the underlying scientific theory must be valid; (2) the technique applying the theory must be valid; and (3) the technique must have been properly applied on the occasion in question. *Id.* at 573.

he had Plan B, and texted when he was two minutes from the park. "Peyton" said she could not wait to see him and asked what kind of car he would be driving.

Appellant was arrested at the park. When he was apprehended, officers recovered cellphones from his pocket. Officer McMillan extracted data from one of appellant's cellphones using Cellebrite and Magnet Axiom software. The State indicted appellant for online solicitation of a minor based on the text messages.

The trial court conducted a rule 702 hearing to determine the admissibility of the text messages. During the hearing, Officer McMillan explained, among other things, his qualifications and Cellebrite software.

At the end of the hearing, defense counsel objected to Officer McMillan's expert testimony because (1) the science had not been sufficiently peer reviewed, and (2) he did not believe "it's reliable just because he says it is" or because of his educational background "when this field is so relatively new and not been tested by the Court for its reliability." The State responded Officer McMillan had testified in hundreds of cases regarding the technology and "obviously [has] the training and experience in computer work. He is the leader in this county in the investigation, and we would offer that he is absolutely an expert and has been proven by the peers of this county at least." The trial court overruled appellant's objections and allowed the text messages into evidence. The text messages were the only evidence linking appellant to the crime.

The jury convicted appellant and sentenced him to five years in prison. This appeal followed.

**Discussion**

In a single issue, appellant argues the trial court abused its discretion by admitting the text messages into evidence. The State responds copying text messages from a cellphone to a computer is a simple task that does not require expert testimony. It encourages the Court to adopt the Fort Worth Court of Appeals' reasoning in *Wright v. State*, 618 S.W.3d 887, 893 (Tex. App.—Fort Worth 2021, no pet.), in which the court concluded expert testimony is unnecessary to establish the reliability of Cellebrite software, and data extracted from the software can be authenticated instead under Texas Rule of Evidence 901.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Colone v. State*, 573 S.W.3d 249, 264–65 (Tex. Crim. App. 2019). A trial court does not abuse its discretion if the decision to admit evidence is within the zone of reasonable disagreement. *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018). If the trial court's ruling on admissibility is correct under any applicable theory of law, the trial court's decision should not be disturbed, even if the trial court gives the wrong reason for its ruling. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

Appellant argues Officer McMillan's "generalist computer science degree" failed to establish he understood the techniques to extract cellphone data; he did not

have a clear understanding of the underlying technique for reliable data extraction; and there was no evidence in the record that he used any peer-reviewed methodology or that any such methodology had been accepted within a given field.

We agree the Fort Worth Court of Appeals' decision in *Wright* is analytically sound and adopt its reasoning. As the court explained, "One purpose served by the [*Kelly*] reliability requirement is to ensure that complex or unfamiliar systems and ideas—those that 'require significant expertise to interpret' or that are 'based on scientific theory'—do not lead the lay fact-finder astray." *Wright*, 618 S.W.3d at 893 (quoting *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002)). The court reasoned that using Cellebrite technology to transfer data was "so simple" and "so plainly verifiable and free of scientific variability, that a lay witness's corroboration of the results based on personal knowledge would sufficiently guard against misleading the fact-finder, even without an expert or a reliability predicate." *Id.*[2] Thus, so long as the data extracted from the cellphone was properly authenticated by lay testimony, no reliability predicate or expert testimony was required. *Id.*; *see also* TEX. R. EVID. 901(b)(9) (explaining evidence about a process

---

[2] In reaching this conclusion, the court also found support in several analogous federal cases. *See United States v. Montijo-Maysonet*, 974 F.3d 34, 47 (1st Cir. 2020) ("You don't need to be a software engineer to pick up a cellphone, open a messaging application, and interpret the words in the bubbles as messages sent and received."); *United States v. Marsh*, 568 F. App'x 15, 17 (2d Cir. 2014) (order) (federal agent's testimony about Cellebrite data extraction did not cross the line into expert testimony for which a reliability predicate would be required because testimony did not turn on or require technical understanding of the programming); *United States v. Seugasala*, 702 F. App'x 572, 575 (9th Cir. 2017) (excusing a detective's testimony regarding Cellebrite from rule 702's expert-testimony requirements because testimony not based on technical or specialized knowledge).

or system may be authenticated by "describing a process or system and showing that it produces an accurate result"). The court subsequently upheld the trial court's admission of the text messages and photos extracted from the cellphone because the detective authenticated the evidence under rule 901(b)(9). *Wright*, 618 S.W.3d at 894.

Applying the *Wright* analysis, we conclude the trial court did not abuse its discretion by admitting the text messages from appellant's cellphone. Officer McMillan testified he understood how to create and read mobile forensic examination reports through his Cellebrite certification and explained he used Cellebrite to create the mobile forensic report of appellant's cellphone activity. He explained the Cellebrite software used a transfer protocol to transfer the data from the cellphone. Officer McMillan could not say with certainty Cellebrite extracted all the data from appellant's cellphone because every phone model is different and no software can keep up with the constant availability of new apps. He did, however, confirm the method of extracting the text messages using Cellebrite was "straightforward," and the software extracted all the text messages from appellant's phone. He compared the data through "hashing," and his comparison "looked complete so [he] didn't do anything else beyond using Cellebrite." He confirmed all of the extracted text messages were true and accurate copies of the texts on appellant's cellphone. He explained that once he extracted the data, he compared it to a known sent text message and confirmed the data's accuracy. Officer

McMillan's testimony provided the corroboration that the information was correct.[3] He then used another program called Magnet Axiom to convert the extracted data into a more readable format for the average person. He gave this information to the District Attorney in a PDF format and on a USB drive. This testimony sufficiently authenticated the extracted data through lay testimony to satisfy rule 901(b)(9). *See* TEX. R. EVID. 901(b)(9); *see also Wright*, 618 S.W.3d at 894.

Accordingly, the trial court did not abuse its discretion by overruling appellant's objections and admitting the text messages into evidence. We overrule appellant's sole issue.

### Conclusion

We affirm the trial court's judgment.

/Erin A. Nowell//
ERIN A. NOWELL
220714f.p05                                    JUSTICE

Publish
TEX. R. APP. P. 47.2(b)

---

[3] Appellant was free to, but did not, put on evidence that the transfer or the resulting data was in fact tainted, manipulated, or fabricated.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MIGUEL ANGEL VILLAREAL-
GARCIA, Appellant

No. 05-22-00714-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-82170-
2022.
Opinion delivered by Justice Nowell.
Justices Reichek and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 30th day of June, 2023.