In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00410-CR
_____

**MICHAEL STEVEN RAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-02-01391-CR**

**MEMORANDUM OPINION**

A jury found Michael Steven Ray guilty of possession with intent to deliver a controlled substance, methamphetamine, in an amount more than one gram but less than four grams. The trial court imposed a thirty-year sentence on Ray as a habitual offender. In his appeal, Ray argues the trial court abused its discretion by allowing a police officer to testify as to the contents of a container and by allowing the State to enter into evidence items found in Ray's pockets during a search of his person,

which Ray argues was excessive under the "plain touch" doctrine and conducted without a reasonable belief that he was armed and dangerous. The State responds that the trial court properly admitted the officer's testimony about his personal observations and that the officer conducted a lawful search incident to arrest after Ray committed an offense in the officer's presence. We affirm the trial court's judgment.

## Background and Testimony

A Deputy Constable testified that he is certified in methamphetamine investigation by the Texas Department of Public Safety and is familiar with how to identify methamphetamine, precursor substances, paraphernalia, and narcotics concealment. The Deputy stated that he has conducted multiple investigations that resulted in arrests for narcotics possession and manufacturing and delivery. The Deputy is trained to look for indicators that a person possesses a controlled substance with intent to deliver, such as scales and small baggies.

The Deputy stopped Ray's vehicle for minor traffic infractions concerning turn signals and brake lights. When Ray, the driver, exited the vehicle, the Deputy noticed that Ray had an open container of beer on the console. At that point, a person unrelated to the traffic stop approached the Deputy to discuss a law enforcement incident, and the Deputy briefly turned away from Ray to interact with that other

person. The Deputy heard a rattling sound, looked toward Ray, and noticed an orange prescription pill bottle on the ground. The pill bottle was located in an area where the Deputy would have noticed the bottle if it had been on the ground before he heard the noise. The Deputy picked up the bottle and noticed "some bags and things that are consistent with narcotics" inside. The name printed on the prescription label was not Ray's. He handcuffed Ray and the other occupant in the vehicle. The Deputy explained that he handcuffed Ray because they employ the highest level of safety when a narcotics suspect is involved.

Ray claimed he had seen the pill bottle on the ground earlier that day, but the Deputy noticed that the bottle lacked any dirt and debris, signs that would indicate the bottle had been on the ground for an extended period. Over Ray's objection that the search had not been shown to have been pursuant to a valid warrant or incident to arrest, the Deputy testified that he had already determined from looking into the pill bottle that Ray was in possession of methamphetamine. He then searched Ray's pockets. Inside Ray's pockets the Deputy located a glass pipe of a type commonly used to smoke narcotics and noticed burn marks from smoking and a white residue in the pipe. Ray denied that the pipe was his. The Deputy testified that in addition to the pipe, his search of Ray's person revealed Ray was carrying rolling papers. Defense counsel complained that the Deputy had not clearly stated whether he

performed a pat-down or a search incident to arrest after Ray denied the pants were his and claimed that he had received the pants from a female.

Over Ray's objection that the matter was "outside this officer's area of expertise and not the best evidence at this point[,]"the Deputy testified that when he looked inside the pill bottle, he discovered it contained prescription medicines, a small amount of marijuana, what the Deputy said they refer to as "meth bags," and other substances that field-testing revealed to be methamphetamine. Photographs of the substances were admitted into evidence without objection. Another officer recovered a scale in a search of the trunk of Ray's vehicle. The Deputy ultimately arrested Ray and advised him of his rights. Ray eventually admitted the glass pipe belonged to him.

Subsequent laboratory testing determined that the prescription drugs that the Deputy found in the pill bottle were alprazolam and hydrocodone. Lab tests showed one of the substances seized from Ray was methamphetamine weighing 2.03 grams.

**Deputy's Observations**

Ray argues the trial court erred by allowing the Deputy to testify that the pill bottle contained "prescription medications, a little bit of marijuana, other bags" over Ray's objection that it was outside the officer's area of expertise. Ray argues that the Deputy's observation concerning the contents of the pill bottle was inadmissible

4

as expert testimony because the State offered no evidence that the Deputy possessed any scientific, technical or other specialized knowledge that would assist the jury to determine a fact at issue through the use of this evidence. *See generally* Tex. R. Evid. 702. Ray argues he was not charged with possession of the substances found in the pill bottle, and consequently, the Deputy's observation was inadmissible lay witness testimony because it was not helpful to a clear understanding of a fact in issue. *See generally* Tex. R. Evid. 701(b).

"The admissibility of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002). "[A]s a general rule, observations which do not require significant expertise to interpret and which are not based on a scientific theory can be admitted as lay opinions if the requirements of Rule 701 are met." *Id.* The Deputy's testimony was helpful for the jury to determine a fact in issue because the Deputy's discovery of the pill bottle and his observation that it contained contraband formed the basis of his decision to detain Ray and search his person. It did not require specialized expertise in drug recognition to observe that pills, marijuana, and baggies contained in a prescription bottle possessed by someone other than the person to whom the medication had been prescribed were not possessed legally. The trial court could, in its discretion, rule that the evidence at issue was admissible under Rule 701

because the Deputy personally observed the pill bottle, and his testimony was rationally based upon his observations. *See* Tex. R. Evid. 701. Furthermore, the trial court could determine that the matters about which the Deputy testified were within his training as a police officer and allow the jury to hear it. *See Osbourn*, 92 S.W.3d at 537. We overrule issue one.

## Search of the Defendant

Ray's remaining two issues challenge the search of his person. In issue two, Ray contends the trial court abused its discretion by allowing the evidence seized in a search of his person that violated the Fourth Amendment. Ray complains that the Deputy immediately reached into his pockets without first detecting a weapon or contraband under the "plain touch" doctrine. *See generally Griffin v. State*, 215 S.W.3d 403, 409–10 (Tex. Crim. App. 2006) (an officer conducting a frisk for weapons lawfully seized tubes the officer immediately recognized as containers commonly used to carry illegal narcotics). In issue three, Ray contends the Deputy failed to articulate a reasonable belief that Ray was armed and dangerous as a basis for frisking him for weapons. *See generally O'Hara v. State*, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000) (an exception to the requirement for a search warrant applies when an officer is justified in believing that a person is armed and presently dangerous).

The Deputy had probable cause to arrest Ray for a felony committed in the Deputy's presence because the facts and circumstances within his knowledge would permit the officer to conclude that Ray possessed the pill bottle until he dropped it onto the ground in front of the Deputy and that the pill bottle contained contraband. "A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." Tex. Code. Crim. Proc. Ann. art. 14.01(b) (West 2015). If facts and circumstances within the officer's knowledge would permit a reasonably prudent person to believe that a particular person has committed a crime, the officer may conduct a search incident to arrest. *State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999). "It is irrelevant that the arrest occurs immediately before or after the search, as long as sufficient probable cause exists for the officer to arrest before the search." *Id.* Here, probable cause existed before the Deputy searched Ray's pockets. We overrule issues two and three and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on December 10, 2018
Opinion Delivered May 15, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

7