

# NUMBER 13-18-00635-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SONNY GUERRA III,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the 24th District Court
### of Jackson County, Texas.

# MEMORANDUM OPINION
### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Benavides

Appellant Sonny Guerra challenges his conviction for aggravated sexual assault of a child under 14 years old, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021. By one issue, Guerra alleges the trial court erred when it admitted a law enforcement officer's testimony identifying the defendant into evidence. We affirm.

## I. BACKGROUND

Guerra was indicted on two counts of aggravated sexual assault of a child under 14 years old in May of 2018. *See id.* During a bench trial, the victim testified that Guerra began texting her on February 9, 2018 before he sexually assaulted her on February 20, 2018. The State called Captain McConathy from the Edna Police Department to testify about the department's investigation of the sexual assault. Captain McConathy testified about his conclusion, his reasoning, and that Guerra was the individual texting the victim. He reached this conclusion after receiving a phone call from the same cell phone number that was sending the victim sexually-charged text messages. Guerra not only called Captain McConathy from that number, but also admitted that the cell phone belonged to him and was in his possession on the days in question. .

The trial court convicted Guerra of one count of aggravated sexual assault against a child under 14 years old. *See id.* The trial court then sentenced him to sixty years' confinement in the Texas Department of Criminal Justice. This appeal followed.

## II. DISCUSSION

By one issue, Guerra contends the trial court erred when it admitted Captain McConathy's testimony regarding the source of the text messages.

### A. Standard of Review and Applicable Law

We review the trial court's ruling on the admission of evidence for an abuse of discretion. *See Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018); *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Amberson v. State*, 552 S.W.3d 321, 327 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.). If the trial

2

court's decision to admit or exclude evidence aligns with any theory of law applicable to the case, its decision will not be disturbed. *See Ellison v. State*, 201 S.W.3d 714, 723 (Tex. Crim. App. 2006); *Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002). Witnesses who are not experts can testify in the form of opinion if the opinion is: (1) rationally based on the witness's perception; and (2) helpful to clearly understand the witness's testimony or determine a fact in issue. *See* TEX. R. EVID. 701; *Amberson*, 552 S.W.3d at 329.

A lay witness's testimony must be based on personal knowledge of the issue in question. *Bigby v. State*, 892 S.W.2d 864, 889 (Tex. Crim. App. 1994); *Madrigal v. State*, 347 S.W.3d 809, 814 (Tex. App.—Corpus Christi–Edinburg 2011, pet. ref'd). The personal knowledge requirement is satisfied if the opinion is the witness's interpretation of their objective perception of the events. *Fairow v. State*, 943 S.W.2d 895, 899 (Tex. Crim. App. 1997). An objective perception of events refers to opinions, beliefs, and inferences drawn directly from personal observations and experiences. *See Osbourn*, 92 S.W.3d at 535. Rule 701 also requires that the lay opinion aids the trier of fact in understanding the witness's testimony or determining a fact in issue. *See* TEX. R. EVID. § 701*; Fairow*, 943 S.W.2d at 900; *Amberson*, 552 S.W.3d at 329.

## B. Analysis

Guerra argues that the trial court erred in admitting the testimony of Captain McConathy regarding the source of the text messages to the child. Guerra claims that Captain McConathy's testimony fell short of the personal knowledge requirement in Rule 701, and harmfully tipped the scales of justice *See* TEX. R. EVID. 701; *see also Osbourn*,

92 S.W.3d at 535.

When Captain McConathy received Guerra's call, he recognized Guerra's phone number as the same number from which the victim received sexual messages. Captain McConathy drew his inferences directly from personal observations and experiences, satisfying the personal knowledge requirement. *See Osbourn*, 92 S.W.3d at 535; *Fairow*, 943 S.W.2d at 899. Because a rational person is able to recognize a familiar phone number, Captain McConathy's opinion is one that a reasonable person would reach if subjected to similar experiences. *See Osbourn, 92 S.W.3d* at 538.

Further, when Guerra called Captain McConathy, he admitted to him that the phone and phone number belonged solely to him. The trial court allowed Captain McConathy to state his opinion so the prosecution could lay the proper foundation necessary to authenticate the evidence. The evidence included a text message in which Guerra referred to himself as "Daddy Sonny" while corresponding with the child. That message aided the prosecution in negating Guerra's argument that someone else used his phone to text the child. Because the testimony was permitted by Rule 701, there was no abuse of discretion. We overrule Guerra's sole issue on appeal.

## II. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of July, 2019.

4